No. 2582

# WARREN *v.* WILSON

December 1, 1923.                    220 Pac. 242.

1. APPEAL AND ERROR—APPEAL FROM FINDINGS OF THE COURT DISMISSED.

   Under Rev. Laws, 5325, authorizing appeals from final judgment only, a notice of appeal, not contemplating an appeal from the final judgment, but merely from findings of the court which are the basis of the judgment, must be dismissed.

2. APPEAL AND ERROR—APPEAL LIES ONLY FROM A FINAL JUDGMENT ADVERSE TO APPELLANT.

   Under Rev. Laws, 5327, contemplating appeals by aggrieved persons only, an appeal from a final judgment, not adverse to appellant, and by which he is not aggrieved, must be dismissed.

3. APPEAL AND ERROR—WHERE THERE IS NO MOTION FOR NEW TRIAL, AND FINDINGS ARE IN FAVOR OF THE APPELLANT, JUDGMENT AFFIRMED.

   A judgment must be affirmed on appeal, where the findings and conclusions of law are in favor of appellant, and no motion for new trial appears in the record, since the court can look only to the judgment roll, of which the findings are a part.

APPEAL from Sixth Judicial District Court, Humboldt County; *E. J. L. Taber,* Judge.

Action by H. Warren against L. G. Wilson. From the judgment rendered, the plaintiff appeals. **Appeal dismissed.**

*Warren & Dignan* and *McCarran & Mashburn,* for Appellant:

The statute makes provision for procedure as to bills of exceptions on appeals. The object is to include in record so much of proceedings that it may be revealed whether or not reversible error was committed. It is not possible to give any hard-and-fast definition of sufficiency of bill of exceptions. If bill does not contain substance of all material evidence relating to points involved, appellate court cannot intelligently pass upon them. The record on this appeal contains evidence which was omitted from bills of exceptions, over objection of contestant, and demonstrates error of trial court in overruling contestant's objections and allowing and settling contestee's bills of exceptions without including

therein evidence. The court "regretted" that a portion of evidence was not before it. Had all material evidence been presented, court could have decided case upon its merits without any regrets.

We have cited no authorities for the reason that the statute alone controls. The question is entirely one of fact, and not of law. The certificates attached to bills do not cure defects which are so apparent upon face of bills themselves.

*Campbell & Robins,* for Respondent:

Appellant was prevailing party, not aggrieved party within meaning of statute. The nomination sought was for office of district attorney, subject to vote at November election in 1922. The election has been held; no judgment can now be effective. Question presented is now moot question.

Only aggrieved party may appeal. Rev. Laws, 5327.

Appellant appears to attempt to appeal from part of judgment. Statute provides for appeal from "judgment" or "order," not from fragment of judgment. Rev. Laws, 5325.

Motion for new trial is necessary in order to review errors at trial. Gill v. Goldfield Con. M. Co., 43 Nev. 1.

Court can review only questions assigned by party appealing, and not those by respondent. Dennis v. Caughlin, 22 Nev. 447.

By the Court, COLEMAN, J.:

This case is before us upon an attempted appeal. The notice of appeal speaks for itself. It gives notice that appellant appeals—

"from that portion of the judgment rendered, given, made, and entered in said district court, * * * where said court finds and adjudges that the contestant received 361 legal ballots, only, instead of 364 ballots, and appeals from that portion of the judgment only, wherein said district court finds and adjudges that three certain ballots, designated and marked as Exhibits numbered 26, 27, and 162, were and each of said ballots

was illegal and should not be counted for said contestant. And contestant hereby appeals to said supreme court from that portion of said judgment of said district court wherein said court found and adjudged that the said contestee, L. G. Wilson, received 359 legal votes, instead of 312 legal votes. And contestant appeals from that portion of the said judgment which finds and adjudges that 47 certain ballots, designated and marked as Exhibits numbered 37, 38, 49, 103, 105, 127, 137, 145, 163, 171, 197, 198, 221, 255, 276, 294, 302, 344, 349, 368, 384, 403, 422, 423, 428, 435, 437, 441, 450, 455, 457, 465, 466, 470, 474, 475, 484, 489, 493, 512, 520, 522, 536, 555, 562, and 566 were, and each of them was, legal ballots and should be counted for said contestee. And contestant hereby appeals to said court from the order of said district court, duly given, made and entered herein on the 13th and 19th days of October, 1922, wherein the said district court denied and overruled contestant's objections to the settlement and the certification by the court, of contestee's bills of exceptions, and each of said bills of exceptions, without any corrections or amendments. And contestant hereby appeals to said court from that portion of said judgment of said district court which found and adjudged that the vote of A. Lillie, or Andrew Lillie, was a legal vote, and that said vote should be counted for the contestee, L. G. Wilson."

Counsel for respondent moved to dismiss the appeal upon the ground that it is not taken from a final judgment. This is the second appeal in the case; the former appeal having been taken by Wilson. 46 Nev. 272, 210 Pac. 204, 997, 212 Pac. 497.

1. The motion to dismiss must be sustained. Our statute (Rev. Laws, 5325) authorizes appeals from final judgments only, and not from findings of fact. The notice of appeal does not contemplate an appeal from a final judgment, but merely from the findings of the court, which are the basis of the judgment in the case.

A final judgment is one which disposes of the entire merits of a cause, reserving nothing for future determination relative thereto.   15 R. C. L. p. 900; Perkins v. Sierra Nevada S. M. Co., 10 Nev. 405.

It is evident that the lower court did not consider its findings, from which we have quoted, as final, since its judgment was rendered and entered in a separate document wherein it recites. "The court having made and filed herein its findings and conclusions."

2.   The appeal should be dismissed for another reason: The final judgment is in favor of the appellant, and our statute contemplates appeals by aggrieved persons only. Rev. Laws, 5327.   It is not contended that the final judgment is adverse to appellant, or that he is aggrieved thereby.

3.   We may say, too, that even if the motion to dismiss were denied, the judgment would necessarily have to be affirmed, since we can look only to the judgment roll, of which the findings are a part, when no motion for a new trial is made by the party appealing. There is no such motion in the record, and the findings are in favor of the appellant, as well as are the conclusions of law.   The findings read:

"That contestant, H. Warren, was duly and regularly nominated as the nominee of the Democratic party for the office of district attorney," etc.

It is ordered that this appeal be, and the same is hereby, dismissed.