JOHN B. MURPHY, Appellant, *v.* ADELE L. MURPHY, Respondent.

No. 3477

July 30, 1947.

183 P.2d 632.

*Oliver C. Custer,* of Reno, for Appellant.

*John S. Belford,* of Reno, for Respondent.

## OPINION

By the Court, HORSEY, J.:

On August 16, 1943, respondent, Adele L. Murphy, as plaintiff in the court below, filed an action for divorce, in the Second judicial district court of the State of

Nevada, in and for the county of Washoe, in department No.2. The appellant, John B. Murphy, the defendant in such divorce action, answered; and at the time of trial, which occurred on said 16th day of August 1943, the parties, by their respective attorneys, entered into a written stipulation purporting to settle all property rights between them, and making provision for the support of the plaintiff wife. The said stipulation is as follows:

"Whereas an action for divorce is pending between plaintiff and defendant and

"Whereas the parties desire to remove from the field of litigation all matters concerning property rights and the support of plaintiff

"It is hereby stipulated as follows:

"That in the event a decree of divorce is granted to either party to the above entitled action defendant shall pay to plaintiff for her support and maintenance the sum of One Hundred Fifty Dollars ($150.00) per month, provided however that should defendant revert to his regular army rank of Lieutenant Colonel said payments shall be reduced to the sum of One Hundred Dollars ($100) per month and provided further that defendant shall not be obliged to make any payments due under the terms hereof after the death or remarriage of plaintiff.

"That except as hereinabove set out neither party shall have any right, claim or demand against the other or against the estate of the other by reason of the marital relationship which existed between them."

On said 16th day of August 1943 the trial court made its findings and conclusions of law, and entered the court's judgment and decree, wherein it awarded to the plaintiff (respondent herein) an absolute divorce from the defendant (appellant herein), and further ordered that the said stipulation be approved, ratified and adopted and that the plaintiff and defendant, respectively, be ordered and directed to comply with all of the terms and conditions thereof.

On May 2, 1946, the respondent herein, as plaintiff in the court below, duly served and filed a notice of motion for an order construing said judgment and decree of divorce to the effect that said judgment and decree then required, and ever since the 16th day of August 1943 had required, the defendant to pay to the plaintiff, for her support and maintenance, the sum of $150 per month. Attached to the said notice of motion was the affidavit of the plaintiff, wherein she stated, among other things, that "effective March 5, 1946, defendant reverted to the grade of Lt. Colonel, Army of the United States, and effective March 6, 1946, was promoted to the grade of Colonel, Army of the United States." Subsequently, on June 10, 1946, the defendant in the trial court filed his affidavit in opposition to the said motion of the plaintiff, and attached thereto, and made a part thereof, special orders No. 51 of the war department of the United States by direction of the president of the United States.

Whilst the affidavit of defendant controverted certain statements in the affidavit of plaintiff, there was no controversy as to the contents of the said special orders No. 51 of the war department, but the controversy was merely as to the effect thereof in relation to the alimony provision of the said stipulation made August 16, 1943, in the divorce action.

Subsequently, on October 3, 1946, the plaintiff filed an affidavit in reply, and on the same date the defendant filed an answering affidavit.

The motion of plaintiff for an order construing the judgment and decree as to the said alimony provision came on regularly for hearing on October 4, 1946, and upon the conclusion of the hearing the trial court, the Hon. A. J. Maestretti, district judge, presiding, made and entered its order, as follows:

"It is hereby ordered that said Judgment and Decree now requires and ever since the 16th day of August, 1943, has required the defendant to pay to the plaintiff

for her support and maintenance, the sum of $150.00 per month."

This order amounted, in effect, to the holding by the trial court that the reversion of the defendant pursuant to said orders No. 51 to the rank of lieutenant colonel of the army of the United States, effective March 5, 1946, and ending March 6, 1946, upon his promotion to the grade of colonel becoming effective on said last stated date, was not such a reversion of the defendant to his regular army rank of lieutenant colonel, under the terms and within the meaning of the said stipulation entered into August 16, 1943, and approved, ratified and adopted by said judgment and decree, as would operate, or as should be construed to operate, as a basis for the reduction from $150 per month of the payments provided by said stipulation for the support and maintenance of the plaintiff.

On the 3d day of December 1946 the attorney for plaintiff filed and served a notice of intention to move for a new trial, directed to the proceedings which had occurred in the said district court October 4, 1946, upon the hearing of said motion, and the ruling and order then made by the district court construing such judgment and decree of divorce, and, particularly, the provision of the said stipulation approved, ratified, and adopted thereby, providing for the payments for plaintiff's support and maintenance.

The notice of intention to move for a new trial, so-called, treated the order as a judgment, following the theory of appellant's attorney that such order constituted a modifying judgment. From the opening brief it is apparent that Mr. Custer, appellant's attorney, construes the said order as one erroneously construing the reversion of the defendant to the rank of lieutenant colonel for one day as not sufficient, within the meaning of the stipulation and judgment and decree, to justify the reduction of the payments for plaintiff's maintenance and support to $100 per month; and that, therefore, the trial court, in excess of its jurisdiction, by failing to accord such reversion its proper effect, had,

in effect, modified the judgment and decree to the extent of requiring the defendant, after and notwithstanding such reversion of the defendant to the rank of lieutenant colonel, to continue to pay to his former wife, for her support and maintenance, $50 per month, or $600 per year, more than provided by the judgment and decree of divorce (as thus construed by appellant's said attorney). This construction is entirely that of Mr. Custer, and is based upon his theory as to the proper construction of such alimony provision of the judgment and decree, and as to the effect of what he conceives to have been an erroneous construction of such provision by the trial court.

There is nothing in the order of the trial court which, to us, indicates that the trial judge did more than *construe* the provision in question. There was no effort on the part of either party to have the decree modified, nor was there any intention of the trial court to modify the same. The motion for a new trial, therefore, must be construed and treated as an attempt to obtain a review or "re-trial" by the lower court of the proceedings upon the said motion, culminating in an order, and not in a judgment.

This so-called motion for a new "trial" was made, and came on for hearing, December 16, 1946, and, after hearing the arguments of respective counsel, the trial court denied the motion.

The appeal to this court, according to the statement in appellant's opening brief, was taken from the order of the trial court dated October 4, 1946, construing the judgment and decree of divorce, as to the alimony provision therein, and, also, from the order of the lower court denying appellant's so-called motion for a new trial.

In his notice of appeal herein, filed December 20, 1946, the appellant has stated that he is appealing from the judgment, apparently upon the said theory of his attorney that the trial court's order was a judgment modifying the original judgment, or decree; but in view of what we have stated, and shall hereinafter state, we

are of the opinion that the trial judge merely *construed* the decree, and did not, in any sense intend to *modify*, nor did he *modify*, the said judgment, or decree. We shall, therefore, treat this appeal by the appellant as being taken, as stated on page 3 of appellant's opening brief, from the order of the lower court dated October 4, 1946, and from the "order of the Court denying Appellant's Motion for a 'new trial,' " so-called.

Three questions present themselves for our determination:

I. Does the law provide for, or allow, a "motion for a new trial" in relation to proceedings had upon a motion culminating in an order?

II. Did the lower court's order of October 4, 1946, construing the alimony provision of the divorce judgment and decree, and that court's assumption of jurisdiction to make such order after more than six months had elapsed since the rendition of the judgment and decree for divorce, August 16, 1943, violate rule XLV of the rules of the district court?

III. Was the construction by the district court of the provision for alimony in the judgment and decree of August 16, 1943, and the said court's order construing and applying such alimony provision in relation to the reversion of defendant to the rank of lieutenant colonel of the army of the United States, on March 5, 1946, and the termination of such reversion, March 6, 1946, a correct, or an erroneous construction?

■ As to the right to move for a new trial of proceedings upon a motion culminating in an order, it is well settled, in California and other western and Pacific coast states having codes of civil procedure, or practice acts, similar to the Nevada civil practice act, that such a motion for a new trial is not allowable or permissible.

■ The rule to that effect is clearly stated by the text writers and in the decisions of the courts of such states. The proper practice where a motion has been denied and a further hearing is sought, is to ask leave to renew

the motion, or for a rehearing. Bancroft's Code Practice and Remedies, vol. 7, secs. 5796, 5797, pp. 7672-7674; 18 Cal.Jur. pp. 661, 662. See, also, 42 C.J. p. 514, especially footnote 83, citing and quoting the leading California case of Harper v. Hildreth, 99 Cal. 265, 270, 33 P. 1103.

In the opinion in Harper v. Hildreth, supra, on page 1105 of 33 P. (same being the portion of the opinion quoted in 42 C.J. 514, footnote 83), it is stated:

"There is no authority in the Code for the new trial of a motion, but if, after the decision of the motion, it is desired to present any new facts for the consideration of the court, the proper practice is to ask for leave to renew the motion. If it is desired to review the action of the court upon an appeal, it is sufficient to present the order in connection with a bill of exceptions containing the matter upon which the court based its action. A motion which does not ask for a decision upon an issue of fact *that arises upon the pleadings* is not the subject of a new trial, and it needs little reflection to say that if every motion which is made in the courts on a trial, or with reference to an action, could be followed by a motion for a new trial of such motion, the case itself would be inextricably involved in the determination of these motions, and the final judgment in the action indefinitely postponed. * * *" (Italics mine).

The supreme court of California, in Harper v. Hildreth, supra, has been followed in its decision to the effect that a new trial of a motion is not permissible by the Montana supreme court, in the case of Butte Cons. Min. Co. v. Frank, 24 Mont. 506, 62 P. 922, and Beach v. Spokane Ranch & Water Co., 21 Mont. 7, 52 P. 560.

■ It is our view that the reasoning of the foregoing authorities is sound, and that to follow them in this state will lead to better results than though such rule were not followed. It is necessary to disregard, therefore, defendant's attempted motion for a new trial in the lower court, as an unauthorized proceeding without

legal effect; and, likewise, to disregard appellant's attempted appeal to this court from the denial of his so-called motion for a new trial. There can be no appeal from an order, so-called, made in void or legally unauthorized proceedings, and the attempted "motion for a new trial," to review or "re-try" the motion proceeding, was, clearly, a proceeding unauthorized by our law.

 Taking up now, for consideration, the proposition, or question, we have above designated as II, it is our view that, by reason of the facts involved and the legal situation existing, the motion for an order construing the judgment and decree of August 16, 1943, and particularly the portion thereof adopting, ratifying and approving the said stipulation of the parties as to alimony, was just what it purported to be, namely, a motion to construe the judgment and decree, and not a motion to vacate, amend, modify or correct same, or to change it in any respect.

The defendant had reverted to the rank of lieutenant colonel for one day, and had taken the position that the subsequent event upon the occurrence of which (by virtue of such alimony provision of the judgment and decree) the reduction of the amount he should pay for the support of the plaintiff was contingent, had happened. The plaintiff took the position that such reversion, being for so short a time and with such insignificant effect as to the financial condition of the defendant, was a mere token reversion, and not appreciably affecting the financial ability of the defendant, and, therefore, that same was not such a reversion as the parties, by their stipulation, nor the court, by its decree approving, ratifying and adopting same, contemplated or intended to serve as the basis for bringing into operation the alternative provision of the judgment and decree providing for a reduction of the payments from $150 per month to $100 per month. A controversy, therefore, had arisen as to the proper construction and application of the alimony provision of the judgment and decree.

It is well settled that a court of general jurisdiction has jurisdiction to construe its judgments and decrees at any time. In the motion proceedings in the instant case, as has been hereinbefore stated, neither the plaintiff, by virtue of said motion, nor the lower court, by its ruling, intended or contemplated more than the construction of the judgment, or decree. But appellant, in his opening brief, contends that the court construed the decree erroneously, and by such erroneous construction the appellant was required to continue to pay $150 per month when, in view of his reverting in rank to lieutenant colonel, the amount should have been reduced to $100 per month, making a difference of $600 per year; that, therefore, there was, in effect, a modification of the judgment or decree to that effect. We do not (as above indicated) agree with appellant's theory. The lower court had jurisdiction to construe the provision in question, which does not, and cannot reasonably be held to mean that said court must give it one particular construction, or lose its jurisdiction. The court which rendered the decree had general and ample authority to construe it, which, in view of the generally recognized imperfection and limitations of human ability, necessarily means that there will be, at times, in some cases, mistaken or erroneous interpretations or constructions. If its construction resulted in a party being required to pay more than he should, the remedy was on appeal from the order. The proceeding for construction only is not, however, because of such an error, converted into a proceeding to modify the judgment or decree, in a case wherein neither the court nor either of the parties, at the time of the motion, contemplated, or sought, any change or modification in the provision in question, but merely a proper construction and interpretation.

In the case of Aseltine v. District Court, 57 Nev. 269, 62 P.2d 701, this court had before it a proceeding in mandamus to require the lower court to entertain jurisdiction, after six months had elapsed, of proceedings "to modify" the judgment and decree. In that case, although

the motion, as in the instant case, was merely, in effect, an endeavor to carry out, rather than change, a provision for reduction of alimony in proportion to the husband's reduction in salary, same, throughout the proceedings, was denominated "a proceeding to modify." This was the form of the motion in the lower court in that case, and the question as to whether such designation was proper does not seem to have been raised, and this court did not disturb such designation.

■ It being clearly apparent, however, in that case, that, in view of the provision of the judgment as to alimony, providing that the amounts of the payments were to be reduced in proportion to the husband's reduction in salary, and due to the fact that his salary has been materially reduced, the court held that the husband was entitled to a reduction, and that there was an implied reservation of jurisdiction to make the "modification," so-called, and, therefore, rule XLV did not apply. The court, apparently, fully realized the necessity and justice of construing, applying and making effective the judgment or decree according to its original terms, and inasmuch as (by an inaccurate conception, we believe) the proceedings throughout had been denominated proceedings "to modify," Mr. Justice COLEMAN, who wrote the opinion, permitted the designation to continue, same not apparently being questioned, and, under the theory of implied reservation or retention of jurisdiction, reached the correct result. In the instant case, however, the proceeding has been properly designated throughout by such expressions as a "motion for order construing decree," and as "an order construing the decree," and, neither in formal denomination nor in substance, has same ever been designated as, or actually been, a motion, or proceeding, "to modify." It is merely a proceeding upon a motion to construe, and thereby to aid in carrying out and making effective the alimony provision of the original judgment and decree. The alternative provision for a reduction to $100 per month in case of the reversion of the defendant to the rank of

lieutenant colonel is as much a part of the original judgment and decree as is the provision for $150 per month, which became effective when the judgment or decree was rendered. Any order required, or made, for the construction of the decree, and making effective a reduction (if justified) is not, in any sense, a vacation, amendment, modification or correction of the judgment or decree within the meaning of district court rule XLV, but the same is merely what is purports to be, a motion to construe the judgment or decree.

For the reasons above set forth, we find appellant's exception designated as II in his opening brief to be without merit.

We are now confronted with the proposition, or question, which we have hereinbefore designated as III: Did the lower court err in ruling, by virtue of its order of October 4, 1946, "that said Judgment and Decree now requires and ever since the 16th day of August 1943, has required the defendant to pay to the plaintiff for her support and maintenance, the sum of $150 per month?"

This ruling and order could only have been reached by the trial court upon the basis that the reversion of defendant in rank to lieutenant colonel in the army of the United States (which occurred by virtue of special orders No. 51 of the war department by direction of the president), effective March 5, 1946, and which was, in effect, terminated by the further order of promotion of defendant to the grade of colonel in the army of the United States, effective March 6, 1946, was not such a reversion as, within the meaning and intent of the parties in entering into said stipulation, and of the lower court in approving, ratifying and adopting same in the judgment or decree, as would justify reducing the payments to the plaintiff wife, for her support and maintenance, to $100 per month.

It has been pointed out in respondent's brief, and, likewise, has been shown, in effect, in one of appellant's affidavits, that the difference between the appellant's

salary and allowances as colonel and as lieutenant colonel amounted to $472.92 per annum; and it appears that the difference in salary and allowances of a brigadier general and a colonel is about $200 per annum. If appellant had, upon such reversion, continued in the rank of lieutenant colonel for a year, for example, the reduction in pay and allowances for that period, as compared to what he would have received had he continued as brigadier general, would have been approximately $673. If the appellant had experienced such a reduction, the provision in the judgment or decree for a reduction of $50 per month, or $600 per year, in case of such reversion to the rank of lieutenant colonel, would have been reasonable, assuming that $150 per month was all that appellant could reasonably afford to pay upon the basis of his salary and allowances as brigadier general. It is clear that no reduction was agreed upon by the parties in their stipulation, nor contemplated by the provisions of the decree or judgment approving, ratifying and adopting same, if the reversion of the appellant was only to the rank of colonel, which, according to the evidence, meant a reduction of only about $200 per year in his salary and allowances. The appellant, however, reverted in rank to lieutenant colonel for only one day, resulting in his receiving, in pay and allowances, only about $1.30 less than he would have received had the reversion from the rank of brigadier general to that of colonel been direct, instead by the indirect and circuitous method employed by the war department, in reducing him to the rank of lieutenant colonel, and in the same order, and even the same sentence, promoting him, effective one day later, to the rank of colonel.

Agreements in cases such as this should be construed fairly and reasonably, and not too strictly or technically. According to a very rigid, exact, literal construction of the language used in the stipulation and approved by the judgment and decree, any reversion at all to the rank of lieutenant colonel, regardless of whether same was for

a time which would or would not materially or appreciably affect appellants financial condition, or ability to pay, would be within the language used, and would operate as the basis for a reduction of $50 per month in the payments to respondent. Is it fair or reasonable to place such a construction upon the provision for respondent's support and maintenance?

Another important rule of construction of agreements is that same are to be construed as meaning what it may reasonably be inferred the parties intended. One of the principal factors, if not the principal one, entering into the problem of a reasonable determination of the amount of alimony a husband should pay, is the extent or measure of his financial ability; as Mr. Belford, attorney for respondent, has well stated, in respondent's brief, on page 4, "in this case, as in many others, the alimony was keyed to the income of the husband." It cannot be reasonably concluded that, in providing for a reduction in alimony of $50 per month, or $600 per year, if the defendant should revert in rank to lieutenant colonel, the parties intended such reduction should occur upon the basis of a reversion so slight, unsubstantial and transitory as not appreciably to affect this most important element, or factor, in fixing alimony—the husband's ability to pay.

Other maxims and rules of construction might be applied. A maximum of equity, which, in many cases, is found to be conducive as an aid to the accomplishment of an equitable and rightful result in litigation, is: "Equity regards the substance, and not the form." In the instant case the maxim seems pecularily applicable, as actions for divorce involving support and maintenance for a wife or child, or both, are equitable in character. It is clear that, in form, appellant reverted to the rank of lieutenant colonel, and was therefrom promoted to the rank of colonel; but in substance, the reversion was to the rank of colonel, the same as though it had been reached directly.

The respondent has referred us to the well known rule and maxim, frequently applied by the courts, de minimis non curat lex, which, translated, means "the law cares not for small things." 26 C.J.S. page 705. See, also, 18 C.J. 481, note 14, to which is cited a vast collection of cases applying said maxim. We believe that to give effect, in the instant controversy, to so unsubstantial a reversion to the rank of lieutenant colonel, by the appellant, as that which was in effect for only one day, and amounted to so little to him financially, and to allow it to operate to decrease the payments for the support of respondent to the extent of $50 per month, or $600 per year, would be to accord too much "care" or effect to a "small thing."

For reasons which seem abundantly sufficient in view of the rules of construction and the principles and equitable maxims clearly applicable to the situation existing in the instant case, we believe the order of the district court, Department 2, the Hon. A. J. Maestretti, District Judge, presiding, was just and free from error.

Appellant's attorney has stated, in effect, that $600 per year, or $6,000 in ten years, is not a "small thing" to his client. Neither is such an amount insignificant to the respondent. The substantial character of the amount involved, as compared to the small financial loss to appellant by the reversion for only one day, merely accentuates the propriety of applying the de minimis rule.

It is the decision and order of this court that the said ruling and order of the district court, made and entered October 4, 1946, be, and the same is hereby, affirmed.

BADT, J., concurs.

EATHER, C. J., because of illness, did not participate in the foregoing opinion.