JOYCE GRENZ, Appellant, *v.* ALFRED HENRY GRENZ, Respondent.

No. 4210

September 24, 1962      374 P.2d 891

*Goldwater, Taber and Hill,* and *Joseph J. Kay, Jr.,* of Reno, for Appellant.

*T. L. Withers,* of Reno, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

Respondent husband commenced an action for divorce against his wife on January 30, 1958 upon the ground that they had lived separate and apart for three consecutive years without cohabitation. On May 23, 1958, the court signed and on May 26, 1958, filed its Findings of Fact, Conclusions of Law, and Decree of Divorce, wherein the husband was awarded a divorce from the wife, she was awarded custody of the four minor children with reasonable visitation rights to the husband, the husband was ordered to pay the wife $75 per month per child for their support, and the further sum of $100 per month to the wife during her lifetime or until she remarries, as alimony. The decree also provided:

"5. That the plaintiff, upon request of the defendant, purchase a dwelling house or home for the defendant in any place designated by the defendant, save and except in the State of Nevada, said home not to exceed the total purchase price of Fifteen Thousand Dollars ($15,000) and the down payment for said home not to exceed the sum of Twenty-Five Hundred Dollars ($2500), all details as to monthly payments on said home and the financing of the purchase of said home to be arranged for and taken care of by the plaintiff.

"6. That the defendant leave the City of Reno and State of Nevada for the purpose of arranging for the purchase of said home not later than June 10, 1958; that actual title to said home be vested in the four minor children and that said home shall not be sold until the

youngest of said children reaches the age of majority, but that thereafter the same may be sold with the consent of said children and the proceeds derived therefrom divided equally between the plaintiff and the defendant."

On August 12, 1958, respondent filed a motion to modify and amend the divorce decree by awarding him custody of the children, relieving him of the monthly support payments for the children, and deleting all of said paragraphs 5 and 6 relating to the purchase of a dwelling house.

Pursuant to said motion, the lower court on March 19, 1959, modified the provisions regarding custody to provide that the husband shall have the right to have one or more of said children spend the month of July each year with the husband and that he not be required to make any payments for the support of any child during the period the child is in his custody. The trial court further modified the decree to delete all reference to the dwelling house.

No written notice of the entry of original judgment was served or filed as provided by NRCP 73. Written notice of entry of the judgment amending the decree was served April 7, 1959 and filed the following day.

The wife has appealed from certain portions of the Findings of Fact and Conclusions of Law as well as from portions of the Judgment and Decree filed on May 26, 1958, and has also appealed from the whole of the said Findings of Fact, Conclusions of Law, and Judgment and Decree. Her notice of appeal also states that she appeals from certain portions and the whole of the amended Findings of Fact, Conclusions of Law, and Judgment and Decree entered on April 7, 1959. The purported appeal from the original Findings of Fact and Conclusions of Law, from the amended Findings of Fact and Conclusions of Law, and from portions thereof, not being appealable determinations under NRCP 72(b), must be dismissed. Musso v. Triplett, 78 Nev. 355, 372 P.2d 687; Warren v. Wilson, 47 Nev. 259, 220 P. 242.

Appellant wife's first assignment of error is that in

the original trial of the action, after hearing the testimony of the resident witnesses and of the plaintiff, the court took a recess and talked to the parties and counsel in chambers, and thereupon made its order resulting in the original Findings of Fact, Conclusions of Law, and Decree of Divorce. This, she claims, was error because she was "denied her opportunity to fully and accurately present to the Court her needs and the needs of the minor children for support with a view to obtaining a fair and adequate support order." This claim of error is without merit. It appears from the record that the three-year separation was adequately proven as well as admitted, and it further appears that the parties in chambers agreed to the provisions relative to custody and support of the children, and relative to support of the wife and the purchasing of a home. Appellant intimates that the court in chambers forced the parties into the agreement. There is nothing in the record to show any such duress. In fact, the appellant testified at the hearing for modification of the decree that the judge had suggested that she be awarded the divorce, to which she objected, and further that it was her idea that it would be better to have the home put in the children's name. In this connection, the trial judge stated in open court: "Let the record show, Miss Clerk, during recess I have conferred with both the plaintiff and defendant in this matter and I wish to commend them both. I feel from my conversation there must be a divorce, but they have agreed as to the following. If I make a mistake, counsel, please correct me." Thereupon, the court stated the agreement of the parties as aforesaid.

It was proper for the trial court to approve the agreement of the parties if it thought the agreement fair and equitable to all concerned. Lewis v. Lewis, 53 Nev. 398, 2 P.2d 131.

Appellant nevertheless maintains that any agreement should have been reduced to writing and signed by the parties or their counsel.

Rule 24, District Court Rules, provides: "No agreement or stipulation between the parties in a cause or their attorneys, in respect to proceedings therein, will be regarded unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same shall be in writing subscribed by the party against whom the same shall be alleged, or by his attorney." The agreement was entered in the minutes of the court without objection. No correction was made by either party as directed by the court in the event the trial judge did not state the agreement accurately. An implied consent that the agreement be entered in the minutes was apparent.

Appellant next contends that the court erred in modifying the original decree.

The hearing on the motion to modify the decree was held after a pre-trial conference, at which pre-trial conference the court made no decision. At the hearing itself, the respondent testified as to his change in circumstances. Appellant also testified.

Under NRS 125.140 a court may at any time during the minority of a child modify the decree respecting his custody and support; likewise, before it was amended in 1961, NRS 125.170 permitted modification of a divorce decree with respect to the support of a wife. Folks v. Folks, 77 Nev. 45, 359 P.2d 92. The 1961 amendment of NRS 125.170, however, prohibits modification of installment judgments for alimony unless the court expressly reserves jurisdiction to modify.

Evidence in the record sustains the action of the lower court in modifying the custody provisions to the extent of allowing the father to have custody of the children for one month of the year and relieving him of the child-support payments during that period as aforesaid. Appellant's objection to the modification of the decree with respect to the children is without merit.

She further claims that the presiding judge in modifying the decree acted with bias and prejudice, which she contends is shown by the court's statement relative to the conduct of the wife, made when it ordered the modification. This, however, was a natural comment on the evidence. In any event, this purported bias and prejudice, not having been raised in the lower court, will not for the first time be considered on appeal. See Wilson v. Wilson, 66 Nev. 405, 212 P.2d 1066.

We cannot so easily dispose of appellant's objection to the action of the lower court which relieved respondent of the obligation to purchase a home.

The provisions of the original decree regarding the purchase of a home are unintelligible. Whether they were intended to constitute support for the children, support for the wife, or support for both, and include settlement of property rights between the husband and wife cannot be ascertained. If we were to construe the provisions as relating solely to the support of the children, the court could properly modify the decree by deleting the provisions regarding the purchase of a home. Such a construction might seem warranted because title to the home was to be vested in the four minor children. But, a different construction is possible because the agreement further provides that the dwelling house was to be purchased for the wife and, when the house was sold, the proceeds would be divided equally between the husband and wife. If these provisions constitute alimony or a settlement of property the original decree would not be subject to modification in this respect. NRS 125.170. See Schmutzer v. Schmutzer, 76 Nev. 123, 350 P.2d 142; Krick v. Krick, 76 Nev. 52, 348 P.2d 752.

We are unable to ascertain the nature of the rights, if any, created in the wife and children by these ambiguous, unintelligible, and unenforceable provisions of said paragraphs 5 and 6 of the original decree. Did the trial court intend to order the wife to leave the state not later than June 10, 1958, or to arrange for the purchase of a

home not later than June 10, 1958, or to do both? Would a failure of the wife to make a request for the purchase of a home on or before June 10, 1958, or at all (the record shows no request was ever made), absolve the husband from the mandate of the court that he do so? If a home were to be purchased and the title vested in the four minor children with a restraint against alienation until the youngest child reached his majority, what would be the rights of the parties thereafter? Would the children still be entitled to an interest therein, when their parents no longer owed them a duty of support? If so, what would be the nature of their interest? What rights would the parents have if one or all of the children refused to consent to a sale which would permit the proceeds therefrom to be divided equally between the parents?

A court has inherent power independent of statute to remove any ambiguity in a judgment or decree. Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A.L.R. 824. For this reason the action of the lower court in deleting paragraphs 5 and 6 from the original decree was proper. If, however, its original intent in incorporating such provisions in the decree was, besides providing additional support for the children, to give additional support for the wife, or to settle property rights, or both, then some unambiguous, intelligible, and enforceable provisions to accomplish this purpose must be incorporated in the decree in substitution for said paragraphs 5 and 6.

It is the province of the trial court to construe its judgments and decrees. Murphy v. Murphy, 64 Nev. 440, 183 P.2d 632. Therefore, it is necessary that this cause be remanded to the trial court for it to determine whether such a substitution must be made, and, if so, the nature thereof.

On April 10, 1962, appellant filed herein a motion to strike respondent's answering brief upon the ground

that respondent had not complied with this court's order of June 26, 1959, which awarded a preliminary attorney fee of $500 to appellant. We denied this motion on April 18, 1962, but reserved the right to make any appropriate orders "hereafter growing out of the failure of respondent to pay to appellant the $500 attorney fee." We felt that such an order might tend to coerce respondent to make payment. He has failed to do so, however, and his counsel failed to appear for oral argument. Because of such failure to make payment, it is ordered that respondent's answering brief be stricken. It is further ordered that appellant be allowed an additional attorney fee of $500, and, on remand, the clerk of the lower court is directed to enter judgment in favor of appellant against respondent in the sum of $1,000 plus costs allowed on appeal upon which execution can issue.

Remanded with directions and for further proceedings. Costs to appellant.

BADT, C. J., concurs.

THOMPSON, J., being disqualified, both parties stipulated to the submission of the appeal to CHIEF JUSTICE BADT and JUSTICE MCNAMEE.