# IN THE SUPREME COURT OF THE STATE OF NEVADA

FLEETWOOD CORPORATION, A
NEVADA CORPORATION,
Appellant,
vs.
THE DOROTHY TOWNE TRUST,
Respondent.

No. 66450

**FILED**

MAR 18 2016



## ORDER OF AFFIRMANCE

This is an appeal from a post-judgment order modifying the judgment and denying a motion to enforce. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Fleetwood Corporation challenges the district court's interpretation of a lease term. The dispute between these parties has a lengthy history. In 1991 the parties executed a geothermal lease whereby respondent Dorothy Towne Trust leased "geothermal and surface resources" to Fleetwood (master lease), referencing a sublease whereby Fleetwood subleased the geothermal resources to a third party for the purpose of generating electricity (sublease). In the course of their disputes, the district court made certain findings pertinent to the scope of those contested "surface resources."

The district court entered a May 19, 2011, order and found that the master lease granted Fleetwood "surface resources" and "interests to surface rights"; that the Trust retained all non-granted rights, including all surface rights that were not "resources"; and that the income the Trust received from the east-side parcels did not involve "surface resources." The district court subsequently entered a November 18, 2011, judgment

and found that Fleetwood was entitled to the "surface resources" of the east-side parcels but not to offset its outstanding property-tax obligation for those parcels with income the Trust received from that property.

After the Trust refused to convey the income received from renting houses, billboards, and pasture located on the east-side parcels, Fleetwood filed a motion to enforce the judgment, and the district court denied the motion. In its post-judgment order, the district court distinguished "surface resources" from "surface right[s]," concluding that "surface resources" constituted vegetative organic resources and that Fleetwood was entitled to the income generated by "natural surface resources," including pasture-grazing fees, but excluding rental income from houses and billboards. Fleetwood appealed, and this court reversed and remanded. *Fleetwood Corp. v. Dorothy Towne Trust*, Docket No. 60866 (Order of Reversal and Remand, January 29, 2014). We noted that the district court's definition of "surface resources" as "vegetative organic resources" introduced a limitation that was not stated in the final judgment and concluded that the district court improperly altered rights granted to Fleetwood under the November judgment. *Id.* We also noted that, even though the district court's definition encompassed income from the pasture grazing, the court denied Fleetwood's motion as to this portion. *Id.* We directed the district court to reconcile its May and November decrees and to clarify the definition of "surface resources." *Id.*

On remand, the district court conducted a hearing and entered an order that found that "surface rights" and "surface resources" were not synonymous, that the parties intended to minimize the effect of geothermal power generation on other uses of the surface, that Fleetwood had the right to develop the geothermal resources that it subleased, and

that the Trust had the right to retain income from non-geothermal uses of the property. The district court provided the definition:

> "Surface resources" are such limited surface rights as are necessary to access the geothermal resources located on the properties, and to allow Fleetwood, or its sub-lessee, to conduct all necessary operations or activities related to the collection of geothermal resources.

Fleetwood first argues that the district court exceeded its jurisdiction because no motion to amend had been filed and that the district court improperly extinguished its rights in the judgment. We review de novo whether the district court exceeded its jurisdiction. *Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 677, 263 P.3d 224, 227 (2011). A district court has the inherent power to construe its judgments to remove ambiguity, and this court will remand a matter to relieve such ambiguity. *Grenz v. Grenz*, 78 Nev. 394, 401, 374 P.2d 891, 895 (1962) (remanding to clarify divorce decree). The district court had jurisdiction to construe its prior decrees on the parties' post-judgment motions and this court's remand. The district court then entered its order on the narrow issue of reconciling the discrepancies in the "surface resources" between the May order and the November judgment and provided a clarifying definition of "surface resources" to settle the dispute. As discussed below, the district court's clarification is consistent with the contract language, and thus the district court did not extinguish Fleetwood's rights. We conclude that Fleetwood's contention lacks merit.

Second, Fleetwood argues that the district court improperly interpreted the meaning of "surface resources." Fleetwood argues that the district court's definition was contrary to provisions of the master lease and improperly relied on language from the sublease. We review contract

interpretation de novo. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). Where a contract is clear and unambiguous, the court enforces the contract as written. *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 278-79, 21 P.3d 16, 20 (2001).

The master lease provides that the Trust conveyed to Fleetwood its rights in geothermal and surface resources and that the rights conferred were coextensive with those granted under the sublease. The sublease provided the third party with certain geothermal rights and the right to use the surface as necessary or convenient for geothermal electricity production, which was to be exercised so as to minimize the effect on the lessor's potential use of the surface. Pursuant to the master lease reservation clause, the Trust reserved all of the other rights of the sublease lessor except the right to receive funds, such that the only rights not reserved were the rights expressly granted under the sublease to the sublessee: namely, geothermal rights and the right to develop the surface to facilitate generating geothermal electricity. Thus, as the district court concluded, the sublease's terms are expressly referenced in and thus relevant to the master lease's interpretation, and, as provided therein, Fleetwood's surface rights are limited to developing the surface as necessary or convenient for generating geothermal electricity.

Third, Fleetwood argues that the Trust should be estopped from arguing that surface resources constitutes merely surface rights necessary to develop geothermal energy because its prior counsel previously argued for a broader definition. Judicial estoppel applies when (1) the same party takes two positions (2) in judicial proceedings and (3) successfully asserted the first position, (4) the two positions are totally inconsistent, and (5) the first position was not taken by ignorance, fraud,

(0) 1947A

or mistake. *Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287, 163 P.3d 462, 468-69 (2007). Fleetwood cites testimony by the Trust's former counsel uttered as a witness during the 2011 trial when asked about *his* understanding of the meaning of "surface resources." The Trust, however, took the same position in that trial's closing arguments regarding Fleetwood's limited surface rights that it takes here, as it has in subsequent filings and argument. Accordingly, the Trust has not taken two different positions, and estoppel does not apply. Fleetwood's argument that the Trust should be estopped from denying that the east-side parcels are part of the leased premises lacks merit, as the Trust never argued that the east-side parcels were not part of the leased premises but rather that Fleetwood's rights on the parcels were limited. We conclude that Fleetwood's estoppel argument fails. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:  Hon. Patrick Flanagan, District Judge
Carol Webster Millie, Settlement Judge
McDonald Carano Wilson LLP/Reno
McDonald Carano Wilson LLP/Las Vegas
Parsons Behle & Latimer/Reno
Washoe District Court Clerk

---

[1]We have considered Fleetwood's other arguments, including the spa-related finding and the Trust's purported waiver, and conclude that they lack merit.