141 Nev., Advance Opinion 2

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAURA J. WALKER, N/K/A LAURA J. LATIMER,
Appellant,
vs.
EGAN KIRK WALKER,
Respondent.

No. 86548



FILED

JAN 09 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court post-divorce-decree order regarding retirement benefits. Second Judicial District Court, Washoe County; William A. Maddox, Sr. Judge.

*Affirmed in part, reversed in part, and remanded.*

Dietrich Law Group and Raymond S. Dietrich, Las Vegas,
for Appellant.

Smith Jain Stutzman and Kimberly A. Stutzman and Radford J. Smith, Henderson,
for Respondent.

Public Employees' Retirement System of Nevada and Ian E. Carr, Carson City,
for Amicus Curiae.

BEFORE THE SUPREME COURT, HERNDON, C.J., and LEE and BELL, JJ.

25-01151

*OPINION*

By the Court, LEE, J.:

Members of the Public Employees' Retirement System of Nevada (PERS) and the Judicial Retirement System of Nevada (JRS) may, upon retirement, designate a beneficiary to be paid the member's retirement benefits for the life of the beneficiary following the member's death. The option for payment to a beneficiary after the death of the member is known as Option 2. In this case, a PERS member left public employment to enter private practice as an attorney and subsequently agreed as part of a divorce decree to designate his ex-wife as the Option 2 beneficiary of his PERS account. Thereafter, the member remarried, re-entered public employment as a judge, transferred his PERS service credits to JRS, and wished to designate his current wife the Option 2 beneficiary of his JRS account.

The question before us is whether, under NRS 1A.450(1)(a), a JRS member may designate more than one Option 2 beneficiary. We conclude that a JRS member can designate both a former spouse and a current spouse as Option 2 beneficiaries when the former spouse is entitled to only a percentage of the benefit as part of a divorce decree—meaning if the member predeceases both the former and current spouses, both must be paid as Option 2 beneficiaries in accordance with their respective portion of the benefits. We further hold that when a former spouse of a PERS member possesses a protected interest in the member's PERS retirement benefits, that interest is not extinguished if the member transfers the benefits from PERS to JRS.

## FACTS AND PROCEDURAL HISTORY

After 13 years of marriage, respondent Egan Walker and appellant Laura Latimer divorced in 2002. During their marriage, Walker

 

earned 8.54 years of PERS credits while employed as a deputy district attorney with Carson City and Washoe County from 1991 to 2000. The divorce decree incorporated a marital settlement agreement (MSA), which awarded Latimer one-half of Walker's PERS retirement benefit and provided that Latimer's share would be secured by a qualified domestic relations order (QDRO) that allowed Latimer to elect Option 2. The QDRO provided that Latimer "is entitled to a portion of the Participant's retirement benefit based upon a mandatory selection of Option 2 upon retirement in accordance with a set percentage of 50% of benefits accrued on or before June 1, 2001."

From 2000 to 2009, Walker was in private practice, during which time he remarried. In 2009, Walker was appointed as a court master and thereafter earned two additional years of PERS credits. In 2011, Walker was appointed to the Second Judicial District Court. As part of his appointment, Walker had the irrevocable choice to remain with PERS or withdraw from PERS and transfer those service credits to JRS, colloquially known as JPERS. See NRS 1A.280(1)-(6). Both programs are managed by the Nevada Public Retirement System, but the terms differ. Walker chose JRS and named his current wife as his beneficiary.

When planning for retirement, Walker discovered that PERS and JRS "only allow[ ] for a single Option 2 beneficiary." Upon this discovery, Walker filed a petition for judicial confirmation and resolution of retirement benefits, asking the court to direct PERS/JRS to designate both Latimer and his current wife as Option 2 beneficiaries, with Latimer receiving the benefits outlined in the MSA and his current wife receiving all remaining benefits. Alternatively, Walker asked the court to enter an amended QDRO designating Latimer as an alternative payee and his current wife as his Option 2 beneficiary.

In January 2023, after reviewing the briefing and holding a hearing, the district court found that there was no rational basis preventing Walker from designating two different Option 2 beneficiaries for his PERS and JRS accounts and that Walker "should be allowed to pick his current spouse as Option 2 for JRS." The district court then ordered that (1) Latimer was entitled to 4.25 years of PERS credits at the "highest three [ ] years of pay into PERS of Mr. Walker's PERS account," (2) Latimer was not entitled to any of Walker's JRS account, and (3) the parties shall "work out details of the agreement and decide if an amended QDRO is needed."

Following the district court's order, Latimer drafted an amended QDRO that designated herself as an alternative payee "entitled to a portion of [Walker's] retirement benefit based on Option 2." Thereafter, Latimer filed a motion for a new trial and attached a letter from PERS indicating that two Option 2 beneficiaries cannot be designated. The district court denied the motion, finding, in part, that Walker had no reason to believe that PERS or JRS would only recognize one Option 2 beneficiary. Latimer now appeals, arguing that the district court did not have authority to modify the divorce decree or the QDRO or to designate two Option 2 beneficiaries.

## DISCUSSION

Latimer argues that the district court's order must be reversed because Nevada law permits the designation of only one Option 2 beneficiary for Walker's JRS account. She contends that Walker's unilateral transfer of his PERS service credits to JRS should not defeat her community interest in those credits. Latimer asserts that the divorce decree and QDRO award her an Option 2 service retirement election and because PERS/JRS permits only one Option 2 beneficiary, she should be

SUPREME COURT
OF
NEVADA

(O) 1947A

designated as the sole Option 2 beneficiary.[1] Walker counters that Nevada law permits two Option 2 beneficiaries, allowing both Latimer and his current wife to be designated. PERS, as amicus, urges this court to reverse the district court's order because relevant Nevada statutes permit the designation of only one Option 2 beneficiary.

*A JRS member may select more than one Option 2 beneficiary*

When a JRS member retires, the member can select an option for the distribution of postretirement allowances. Under Option 2, a member can designate a beneficiary such that the retired member receives an actuarially reduced payment for the member's lifetime, and upon the member's death, the beneficiary receives the payment for life. The nomination of an Option 2 beneficiary is stated in NRS 1A.450(1)(a):

> Option 2 consists of a reduced service retirement allowance payable monthly during the retired justice's or judge's life, with the provision that it continue after the death of the justice or judge for the life of the beneficiary whom the justice or judge nominates by written designation acknowledged and filed with the Board at the time of retirement should the beneficiary survive the justice or judge.[2]

Whether a member can designate more than one beneficiary under this statute is a matter of statutory interpretation, which we review

---

[1]Latimer additionally argues that the district court exceeded its authority by allegedly modifying the parties' divorce decree and QDRO; however, the district court's order did not modify the MSA, rather the district court's order merely effectuated the MSA. *Murphy v. Murphy*, 64 Nev. 440, 445-46, 183 P.2d 632, 634-35 (1947) (distinguishing between orders modifying a judgment and orders effectuating or clarifying a judgment); *Mizrachi v. Mizrachi*, 132 Nev. 666, 673, 385 P.3d 982, 986 (Ct. App. 2016).

[2]The PERS statute, NRS 286.590(1), is nearly identical but uses "employee" in place of "justice or judge."

de novo. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). "When interpreting a statute, we look to its plain language. If a statute's language is plain and unambiguous, we enforce the statute as written, without resorting to the rules of construction." *Smith v. Zilverberg*, 137 Nev. 65, 72, 481 P.3d 1222, 1230 (2021) (citation omitted). If the statute's language is ambiguous, the Legislature's intent must be determined by reviewing the legislative history and the entire statutory scheme. *Id.* And statutes must be considered in their entirety, such that all provisions are considered and, when possible, read in harmony. *Orion Portfolio Servs. 2 LLC v. County of Clark ex rel. Univ. Med. Ctr. of S. Nev.*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010); *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012) ("The provisions of a text should be interpreted in a way that renders them compatible, not contradictory.").

NRS 1A.450(1)(a)'s use of the singular term "beneficiary" may suggest that only a single beneficiary can be designated. And PERS urges this interpretation, asserting that it has never allowed a member to designate more than one Option 2 beneficiary since the inception of the retirement system. However, nothing in the statute explicitly prohibits a member from designating more than one Option 2 beneficiary. *Cf.* NRS 0.030(1) (providing that the "singular number includes the plural number" in a statute unless "otherwise expressly provided in a particular statute or required by the context"). And given the circumstances here—where a member, after leaving public employment, has agreed to designate a former spouse as an Option 2 beneficiary as part of a divorce but then remarries, re-enters public employment, and wishes to designate his current spouse as an Option 2 beneficiary—we cannot conclude that NRS 1A.450(1)(a) limits Option 2 to a single beneficiary. As discussed below, interpreting NRS

1A.450(1)(a) as allowing more than one beneficiary harmonizes other relevant statutes and comports with community property principles.

NRS 125.155(3) provides that a former spouse may retain a right to PERS or JRS benefits after the member spouse's death through an agreement between the parties or an order of the court and that this right will be enforced. Further, NRS 1A.520(3) directs that "[a]n alternate payee is entitled to receive an allowance or benefit from the Judicial Retirement Plan" per a judgment, decree, or order. An "alternate payee" includes a former spouse "who, pursuant to a judgment, decree or order relating to . . . the disposition of community property, is entitled to receive *all or a portion of the allowance or benefit* of a member or retired justice or judge from the System." NRS 1A.520(4) (emphasis added). Moreover, NRS 1A.130(3) provides that the selection of a retirement plan by a member "does not affect the responsibility of the member concerning the rights of any present or former spouse."

PERS, as amicus, nevertheless contends that "the Internal Revenue Code only contemplates the selection of one beneficiary" and requiring PERS to pay more than one beneficiary would put PERS out of federal tax compliance. In support of this argument, PERS cites solely to 26 U.S.C. § 401(a)(9)(E)(i), which reads, "[t]he term 'designated beneficiary' means any individual designated as a beneficiary by the employee." This provision does not explicitly prohibit an employee from naming more than one individual as a designated beneficiary, and PERS does not provide further explanation for its assertion. PERS also asserts that it is unknown whether its independent actuary could mathematically determine the reductions needed for multiple Option 2 beneficiaries. While allowing a member to select multiple Option 2 beneficiaries may require a multi-

faceted actuarial analysis, PERS does not demonstrate that the need for this analysis should preclude this designation.

NRS 125.155(3) protects Latimer's interests contracted to through the QDRO, and the selection of Option 2 and the designation of a beneficiary is a decision that belongs solely to the member decided at the time of retirement. *See* NRS 1A.130(1)(a) (providing for the member to select an unmodified retirement plan or one of the NRS 1A.450 options at the time of retirement); NRS 1A.430 (providing for notice to the member's spouse of the member's selected retirement, but not requiring the spouse's consent); *see also Official Policies of the Public Employees' Retirement System of Nevada* (July 1, 2019) at 57, https://www.nvpers.org/public/employers/PERS%20Official%20Policies.pdf. To conclude that Latimer is the sole Option 2 beneficiary would provide her with a substantial windfall that was not contemplated or agreed to by either party at the time of their divorce. Similarly, to allow Walker to specify his current spouse as his sole Option 2 beneficiary divests Latimer of her bargained-for interest in his retirement benefits. Allowing Walker to designate two Option 2 beneficiaries will work to effectuate the agreements and wishes of all parties involved. For the above-discussed reasons, we hold that NRS 1A.450(1)(a) permits JRS members to designate more than one Option 2 beneficiary.

*The order unduly fails to protect Latimer's interest in Walker's retirement benefits*

An agreement to settle pending divorce litigation is a contract governed by the general principles of contract law. *Grisham v. Grisham*, 128 Nev. 679, 685, 289 P.3d 230, 234 (2012). And when interpreting a contract, this court "shall effectuate the intent of the parties, which may be determined in light of the surrounding circumstances if not clear from the

contract itself." *NGA #2 Liab. Co. v. Rains*, 113 Nev. 1151, 1158, 946 P.2d 163, 167 (1997) (internal quotation marks omitted). Here, the intent of the parties is clear, as evidenced by the plain language of the QDRO to provide Latimer with 50 percent of Walker's accrued benefits as of June 1, 2001. Of importance, the QDRO does not mention PERS by name, simply that Latimer "is entitled to a portion of [Walker's] retirement benefit based upon a mandatory selection of Option 2 upon retirement."

Although the district court's order correctly states that Walker can designate both Latimer and his current wife as Option 2 beneficiaries, the order nevertheless fails to effectuate the 2002 divorce decree and QDRO. The order states that Latimer is entitled to 4.25 years of credits from Walker's PERS account and is not entitled to any portion of Walker's JRS account. But this fails to recognize that those PERS credits were transferred to JRS. As Walker no longer has a PERS account, the district court's order awards Latimer 4.25 years of credits of a closed account, or in other words, the order awards Latimer a portion of nothing. *See PERS Bd. v. Smith*, 129 Nev. 618, 626, 310 P.3d 560, 566 (2013) (holding that once a judge transfers accrued benefits from a PERS account to a JRS account, they can no longer receive PERS benefits). This strict interpretation of the QDRO would divest Latimer of her bargained-for benefit and allow Walker to circumvent the intention of the parties at the time of contracting.

Applying contractual principles of equity, we hold that when a divorce decree provides a former spouse an interest in a PERS member's retirement account, the member's transfer to JRS does not extinguish that interest. Here, the divorce decree awarded Latimer a percentage of Walker's PERS service, which the district court calculated as 4.25 years of PERS service credits. We conclude the district court erred in awarding

Latimer 4.25 years of PERS service credits from Walker's PERS account rather than from his JRS account.

## CONCLUSION

The statutes governing JRS do not expressly prohibit a member from designating two Option 2 beneficiaries. When a member leaves public employment and designates a former spouse as an Option 2 beneficiary as part of a divorce but then re-enters public employment and remarries, the member can also designate the current spouse as an Option 2 beneficiary. If the member predeceases both the former spouse and the current spouse, both of them must be paid as Option 2 beneficiaries in accordance with their respective portion of the benefits. We conclude that the district court correctly determined that Walker's former wife and current wife may both be designated as Option 2 beneficiaries. However, we reverse and remand the district court's order with respect to its finding that Latimer is not entitled to service credits from Walker's JRS account.

_____, J.
Lee

We concur:

_____, C.J.
Herndon

_____, J.
Bell

SUPREME COURT
OF
NEVADA

(O) 1947A