## WALKER *v.* WALKER.

1. DIVORCE—CLARIFICATION OF DECREE—JURISDICTION.

    Jurisdiction of trial court extended to entry of order on petition to clarify decree as to property rights, filed more than 4 months after entry of decree, where order did not undertake to change the decree in any way (Court Rule No 48 [1945]; No 51, as amended in 1947).

2. SAME—CONSTRUCTION OF DECREE—CLARIFICATION.

    It is proper to construe a decree of divorce providing for an adjustment of property rights when the intended disposition requires clarification.

3. SAME—CONSTRUCTION OF DECREE.

    Construction of a divorce decree is to be made with reference to the findings of fact and conclusions of law.

4. SAME—CONSTRUCTION OF DECREE—PROPERTY SETTLEMENT.

    Decree of divorce awarding certain specified articles of furniture, other personal property referred to in the opinion and the sum of $25,000 "as and for a property settlement" with husband who had acquired from parents and grandmother property worth $350,000, but only a little over one third of which has been distributed to him, which decree awarded the home to defendant and aside from provision of $1 to plaintiff in lieu of dower, plaintiff was to have no further claims against him, is construed as constituting a complete property settlement between the parties except as to specific items of personalty awarded plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 17 Am Jur, Divorce and Separation, § 445.
[1–4] 30 Am Jur, Judgments, § 31.
[1–4] Correcting clerical errors in judgments.   10 ALR 526; 67 ALR 828; 126 ALR 956.

5. SAME—CONSTRUCTION OF DECREE—ASSIGNMENT OF LAND CONTRACTS.

> Assignments of vendor interests under land contracts to defendant and plaintiff, his wife, *held,* the property of defendant where decree of divorce gave plaintiff the sum of $25,000 "as and for a property settlement" upon terminating a childless marriage of upwards of 4 years' duration.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 7, 1950. (Docket No. 31, Calendar No. 44,730.) Decided May 18, 1950. Rehearing denied June 27, 1950.

Divorce proceedings by Betty Ann Walker against Charles R. Walker. On petition of defendant for order to show cause why plaintiff should not execute deeds to real estate. Order entered clarifying decree providing defendant is sole owner of the real estate. Defendant appeals. Affirmed.

*Nelson S. Shapero,* for plaintiff.

*Frederick Colombo* and *Anthony A. Vermeulen,* for defendant.

CARR, J. The parties to this case were married October 12, 1944, and were divorced March 25, 1949. There were no children of the marriage. At the time the decree was entered plaintiff and defendant were, respectively, 25 and 26 years of age. The proofs offered on the trial of the case went quite extensively into the details of the property owned by defendant, disclosing that he had acquired from the estates of his parents and his grandmother property worth approximately $350,000. Of such property total assets in the sum of $122,297.53 had been distributed to the defendant, the balance being held in trust for him.

Prior to the marriage defendant entered into a so-called agency agreement with a trust company, under which said company managed the property that he had received. An exhibit indicating such assets as of February 26, 1949, was introduced in evidence. Among other items were 2 land contracts with an aggregate face value of approximately $9,400, and also the home in which the parties lived, which was valued at $16,225. Said home was owned by the parties as tenants by the entireties. The vendors' interests under the land contracts referred to were acquired by defendant in 1947, and presumably were added to the agency account thereafter. The assignments thereof were to "Charles R. Walker and Betty A. Walker, his wife," and each assignment contained a recital that the lands described therein had been conveyed to the assignees by deed of even date. Other than the recitals there is nothing in the record to indicate whether deeds covering the properties were executed and delivered.

The decree of divorce, which was granted to plaintiff, gave to her certain specified articles of furniture and other personal property referred to in the opinion of the court, and also the sum of $25,000 "as and for a property settlement." To such provision was added the further statement that plaintiff should have no further claims against the defendant except as provided in the decree, the exception obviously referring to the articles of personal property granted to her. Defendant was given the home, the decree requiring plaintiff to quitclaim her right, title, and interest therein. In event of her failure to execute such conveyance, the recording of a copy of the decree in the office of the register of deeds of Oakland county was authorized. Defendant was required, also, to pay the sum of $1 in lieu of dower, with the usual provision that such amount should be in full satisfaction of all claims that plaintiff might have

in any property owned by defendant at the time of the decree, or thereafter.

On November 10, 1949, defendant filed a petition in the circuit court reciting that the vendees under each contract wished to complete their payments thereunder, had requested the execution and delivery of a proper deed in accordance with their contract rights, and that plaintiff had refused to join in the execution of such deeds. Defendant alleged that under the terms of the decree the said sum of $25,000, which had been paid to the plaintiff, was in full settlement of any rights that she had in the property of the defendant, regardless of the manner in which the title of such property was held. The petition asked that plaintiff be required to show cause why she should not execute the deeds in question, and that upon her failure or refusal to do so the court enter an order declaring defendant to be the owner of the vendor's interest under each of the contracts.

On the filing of the petition an order to show cause issued; and plaintiff thereafter filed her answer alleging in substance that defendant had represented to her, prior to the trial of the divorce case, that the only property owned jointly by the parties was the home, and that had she known that the contracts had been assigned jointly to the parties she would have appealed from the property settlement provision of the decree. In determining the matter the trial court considered the provisions of the decree and the opinion filed in the case, in accordance with which the decree was prepared and entered, concluding therefrom that defendant was entitled to the relief sought. An order was entered accordingly, and plaintiff has appealed.

It is contended on behalf of plaintiff that the trial court was without jurisdiction to enter the order in question. Emphasis is placed on the fact that more

than 4 months had elapsed between the entry of the decree of divorce and the filing of defendant's petition by which the present controversy was brought before the court. Plaintiff relies on Michigan Court Rule No 48 (1945). See, also, Rule No 51, as amended October 13, 1947.

The argument advanced rests on the theory that the order from which plaintiff has appealed amended the decree of divorce. With such contention we are unable to agree. Defendant by his petition sought merely a clarification of the provisions of the decree with reference to the property rights of the parties. The order entered did not undertake to change the decree in any way, but rather to declare the meaning and intent thereof.

A situation somewhat analogous to that in the case at bar was presented in *Mitchell* v. *Mitchell,* 307 Mich 366. There plaintiff sought to enjoin the defendant from interfering with her possession of a cottage located on leased land, the lease having been by decree of divorce given to plaintiff. In sustaining the order of the trial court granting the relief sought, it was said:

"The question presented is whether the injunction restraining defendant from interfering with plaintiff's exclusive use of the cottage constituted an amendment of the original decree of divorce or was merely the means to clarify it and enforce it within its intended meaning. The power of the courts to construe a divorce decree in collateral proceedings is not challenged. We have frequently held it proper to construe a decree providing for an adjustment of property rights when the intended disposition requires clarification. In *Tessmer* v. *Tessmer,* 261 Mich 681, Mr. Justice FEAD stated:

" 'In reading a decree of divorce, we do not stand upon strange ground, as when construing an instrument whose purpose and effect are unknown except as they may be gathered from the words used. Pro-

ceedings for divorce and the relief to be incorporated in the decree are so familiar to court and counsel that the purpose and character of a provision may be known although it is ineptly expressed. So read, the decree is not ambiguous.'

"Construction of a divorce decree is to be made with reference to the findings of fact and conclusions of law. *Bailey* v. *Bailey*, 53 ND 887 (207 NW 987); *Coffey* v. *Cross*, 185 Ala 86 (64 So 95). When so construed the decree in the instant case shows an intent to grant to the wife not only the leasehold but all interest in the cottage previously held by the parties. It seems almost incredible to believe that it was the intention of defendant to reserve any real or supposititious interest he might have in a cheap cottage on land the lease of which was set aside for his wife. Nothing whatever was said in regard to the ownership of the cottage as between the parties and evidently it was assumed that, if not part of the realty, it went with the lease. This is indicated by the apparent completeness of the decree in disposing of all articles of property and assessing their value in detail even to describing one boat and motor at an agreed value of $10. The plaintiff, in reply to defendant's petition to vacate the order, stated that $200 was deducted from the cash award recommended to be given to plaintiff and the cottage valued at $200 was substituted therefor. No objection to this answer was filed by defendant although the order denying petition to vacate was made the same day the answer was filed. We believe that in clarification and explanation of the decree the court was correct in awarding to plaintiff whatever right or title both parties held in the cottage."

In the case at bar it is unnecessary to discuss the nature of the title of the parties under each assignment. The record indicates beyond question that the contracts were purchased by defendant. As before noted, they were listed with the assets of de-

fendant that were being managed by the trust company under the agency contract. Plaintiff's answer to the petition suggests that she did not know that they had been acquired, and in any event she was not advised that the assignments were executed to herself and defendant, rather than to the latter alone.

The language of the decree indicates that it was the intention of the trial court that the money ordered paid to plaintiff should constitute a complete property settlement between the parties, with the exception of the specific items of furniture and other personalty awarded to plaintiff. The opinion pursuant to which the decree was drawn shows clearly that such result was contemplated. In view of the dispute that had arisen between the parties with respect to the terms of the decree, the order of clarification was a proper exercise of the jurisdiction of the court.

The order is affirmed, with costs to the defendant.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.