[Civ. No. 25308.   Second Dist., Div. Four.   June 12, 1963.]

SHIRLEY STONE BALLAS, Plaintiff and Respondent, v. MAURICE A. BALLAS, Defendant and Appellant.

Louis S. Edelberg and Harmon D. Spanner for Defendant and Appellant.

Robert J. Grossman and Franklin B. Gassman for Plaintiff and Respondent.

KINGSLEY, J.—This is the second appeal in this divorce action. On the original trial, the court, on September 5, 1958: granted a decree of divorce to plaintiff wife; granted plaintiff 12 specified items of community property and "$737.62 from community bank account"; granted defendant husband 11 specified items of community property and "$150.00 from the community bank account"; and then continued:

"3. That the bills of Dr. Carson in the amount of $325.00, and Dr. Marcus in the amount of $28.00 are to be paid directly from the community bank accounts.

"4. That plaintiff's attorney be paid $250.00 directly from the community bank account, and that defendant pay the balance to plaintiff's attorney, Robert J. Grossman, Esq. within one year from the date of entry of this judgment.

"5. That defendant pay the arrears in alimony to the plaintiff in the amount of $399.81 within one year from the date of entry of this judgment."

On appeal, the decree was modified so as to transfer one item ("The dog") from the list of community items given defendant to the list of items given plaintiff; otherwise the decree was affirmed. *Ballas* v. *Ballas* (1960) 178 Cal.App.2d 570 [3 Cal.Rptr. 11]. On the going down of the remittitur, the decree was so modified.

The money and property awarded to her not having been paid or delivered, plaintiff sought the issuance of a writ of execution. After a hearing, before a judge other than the original trial judge, the court on July 13, 1960, issued its "Order in Aid of Judgment," directing that certain specified steps be taken to withdraw funds from certain designated community bank accounts and to effectuate its previous orders.[1]

---

[1]The order read as follows:
"It Is Hereby Ordered
"A. Within 5 days after notice of this order, defendant will cause to be withdrawn from the funds on deposit ($1490.62), heretofore determined to be those of the community, the following sums, and to pay over the same as here directed:
"(1) $325 to Dr. Carson;
"(2) $28 to Dr. Marcus;
"(3) $250 to Robert Grossman, attorney for plaintiff;
"(4) $150 to plaintiff upon account of arrears in alimony of $399.81,

On July 29, 1960, the return date of the order, defendant appeared in court and, to quote from the minutes, "states that he has not complied therewith, and contends that he does not have to." The court thereupon continued the matter until August 3, directing defendant then to show compliance or to show cause why he should not be punished for contempt. Plaintiff tendered the property to be delivered by her, but the court's order was that "it will order delivery upon compliance by the defendant with the Order in Aid of Execution [*sic*] made by this court." On August 3, 1960, the court ordered the

to be allowed as a credit against defendant's liability for accrued alimony;

"(5) The balances of the said community funds on deposit are ordered paid to plaintiff, including any accrued interest.

"B. Within 5 days after notice of this order, plaintiff and defendant will each cause to be delivered to the other any property awarded to that other in the interlocutory decree of divorce but still in possession of the party not entitled thereto.

"C. The community accounts and funds on deposit referred to herein are in the name of Maurice A. Ballas, or Maurice A. Ballas and/or plaintiff, in

(1) Westchester Federal Savings and Loan Association, now Marina Federal Savings and Loan Association.....................$1,004.50
(2) Citizens National Trust & Savings Bank, 2601 N. Broadway, Los Angeles............. 320.29
(3) Security First National Bank, El Segundo, California ........................... 165.83

$1,490.62

"Said Citizens National Bank has deposited the funds in its hands with the Clerk of the Municipal Court, Los Angeles Judicial District, and upon service of a copy of this order, and receipt from the parties, said Clerk is authorized and directed to pay said sum in his hands for [sic] plaintiff herein, subject to charges, if any, imposed thereon by said Court under Code Civ. Proc., § 386.6; which deductions, if any, are charged to defendant in this action in relation to satisfaction of judgment herein.

"D. In addition to the foregoing, the Clerk will issue a writ of execution in favor of plaintiff and against defendant upon the judgment herein in the sum of $804.47 (representing the balance of attorney's fees heretofore ordered of $500, in addition to the $250 provided in paragraph A above; and $249.81, balance of alimony, in addition to payment provided in paragraph A above; and $54.66 interest at 7% from date of judgment to this date on such alimony.)

"E. The Court retains jurisdiction to make any further orders in aid of judgment.

"F. The Clerk will transmit a copy of this order to each of the parties by their attorneys and file his certificate of such service. The plaintiff will give notice of this order to defendant and will serve a copy thereof upon the Clerk of the Municipal Court, Los Angeles Judicial District, and upon the Citizens National Trust & Savings Bank, 2601 North Broadway, Los Angeles.

"G. The Clerk is directed to continue this matter on the calendar to July 29, 1960, at 11 o'clock a.m. in Department 67. Each of the

issuance of a writ of execution in favor of plaintiff in the amount of $2,140.62 plus interest, indicating that the issuance of the writ could be stayed by an appeal bond in double that amount.

Defendant has appealed from the order of July 13th[2] and from the order made on July 29th. Whether or not he has appealed from the order of August 3d does not appear; but we assume not, since defendant's opening brief states (without benefit of supporting transcript) that execution, based on the order of August 3, 1960, was issued on February 6, 1961; that a motion to quash execution was denied on April 6, 1961, and that his petition for a writ of prohibition was denied by this court on June 8, 1961. (2d Civ. 25570.)

## I

Defendant argues that the trial court was in error, and without jurisdiction to issue the order of July 13, 1960, because that order (a) for the first time, in terms, ordered *him* to make the payments out of the community bank accounts and (b) for the first time identified by depositee bank and amount the accounts referred to in the interlocutory decree. He relies on the well settled proposition that a court may not, after such a decree has become final, modify it as to matters involving division of community property. (*Dupont* v. *Dupont* (1935) 4 Cal.2d 227, 238 [48 P.2d 677].) However, it is equally well settled that a court has power to construe and clarify its orders, in cases of uncertainty, in order to sustain rather than defeat them. (*Goldberg* v. *Paramount Oil Co.* (1956) 143 Cal.App.2d 215, 223 [300 P.2d 329].)

Defendant's contention is without merit. The July 13th order clarified the interlocutory decree reference to "community bank accounts" by specifying the particular bank accounts. Defendant was not ordered to pay any additional sums, nor to any different payees. Since it appears that the accounts stand in the name of defendant, the further order that *he* execute the payment directives adds nothing to the original direction for payment "from" these accounts.

---

parties is ordered to report to this Court at that time in compliance with this order or to show cause, if any there be, why any provision thereof has not been complied with."

[2]The notice of appeal refers to an order "made and entered on July 15, 1960." There was no order either made or entered on that date. Both parties have construed the appeal as being from the order of July 13th; we, also, have so construed it. California Rules of Court, rule 1(a). (Formerly Rules on Appeal, rule 1(a).)

## II

■ Nor did the trial court commit any error in ordering plaintiff to perform only when defendant complied with the order of July 13, 1960. The fact is that plaintiff did tender performance, but, due to defendant's contemptuous attitude, the court ruled that performance by plaintiff was conditional upon performance by defendant. This appears to us to be perfectly consistent with the court's power to enforce its own judgments.

## III

■ However, the portion of the order of July 13th charging interest from the date of judgment on the sums ordered to be paid to plaintiff as alimony out of defendant's own funds was a modification of the interlocutory decree. That decree had ordered these monies to be paid "within one year from the date of entry" of the decree. Insofar as the order of July 13th included interest for that one-year period, it was beyond the power of the court and must be corrected.

## IV

As above indicated, the briefs suggest that some monies have been collected under the writ of execution issued subsequent to the orders herein involved. Our affirmance of those orders with the modification indicated, is without prejudice to the power of the trial court, on proper application; (a) to grant defendant credit for any sums collected from him by execution or otherwise paid by him, and (b) to charge defendant with additional interest on sums unpaid after July 13, 1960.

## V

Except for the minor correction as to interest, this appeal is totally without merit. The excess interest involves less than $18 and the error would, undoubtedly, have been corrected by the trial court had appellant called it to the court's attention at the hearing on July 29, 1960. By his recalcitrance, defendant has succeeded in withholding from plaintiff her share of the small community estate for almost five years. The appeal patently is frivolous and taken solely for the purpose of delay within the meaning and intent of rule 26(a) of the California Rules of Court.*

The order of July 13, 1960, is modified by striking from paragraph "D" thereof the following words and figures: "and $54.66 interst at 7% from date of judgment to this date on such

---

*Formerly Rules on Appeal, rule 26(a).

alimony'' and substituting therefor the following words and figures: ''and $37.18 interest at 7% from September 5, 1959 to this date on such alimony''; as so modified the orders are affirmed. Respondent shall recover her costs in this court computed as provided by rule 26(c) of California Rules of Court,† together with $250 attorney fees, which sums shall be in addition to, and not in substitution for, any sums heretofore ordered paid by the trial court for such purposes.

Burke, P. J., and Jefferson, J., concurred.

---

†Formerly Rules on Appeal, rule 26(c).