HARBIN v. HARBIN.

1. DIVORCE—PROPERTY SETTLEMENT—POWER OF COURT TO AMEND.
    The property settlement provisions of a divorce decree or judgment may not be set aside or modified in the absence of fraud, duress, or mutual mistake, or for such causes as any other final judgment may be modified.

2. SAME—PROPERTY SETTLEMENT—EXECUTION OF DEEDS AND ASSIGNMENTS.
    The court may appoint a suitable person to execute and deliver a deed or assignment when the person ordered to do so by a judgment of divorce refuses.

3. SAME—PROPERTY SETTLEMENT—EXECUTION OF DEEDS AND ASSIGNMENTS.
    Court had the power to appoint a suitable person to complete a sale of property which was the subject of a property settlement in divorce action when the property was held by tenancy in common by the parties to the divorce and one party refused to cooperate in the sale.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 670.
[2-4] 24 Am Jur 2d, Divorce and Separation § 942.
[5] 24 Am Jur 2d, Divorce and Separation § 457 et seq.

4. SAME—PROPERTY SETTLEMENT—AMENDMENT OF JUDGMENT—POW-
ER OF COURT.

Appointment of a person to complete a sale ordered by a judg-
ment of divorce was an amendment clarifying the original
judgment and providing a procedural remedy and thus was
within the jurisdiction of the trial court, since it did not alter
the substantive rights of the parties.

5. SAME—PROPERTY SETTLEMENT—AMENDMENT OF JUDGMENT—MO-
TION TO SET ASIDE AMENDMENT—LACHES.

Motion to set aside amendment of divorce judgment made more
than 1 year after amendment, where moving party received
notice of the amendment and after others had changed position
in reliance on amendment, *held*, barred by laches.

Appeal from Kent, Vander Wal (John H.), J.
Submitted Division 3 April 4, 1968, at Grand Rapids.
(Docket No. 2,898.)   Decided June 28, 1968.

Complaint by Rosa L. Harbin against Leon Harbin
for divorce and property settlement.   Judgment of
divorce and property settlement granted.   Motion by
plaintiff to amend judgment granted.   Motion by
defendant to set aside amended judgment denied.
Defendant appeals.   Affirmed.

*Shivel, Phelps, Linsey & Strain,* for plaintiff.

*Alphonse Lewis, Jr.,* for defendant.

ZIEM, J.   A 1963 judgment of divorce which made
the parties tenants in common of the marital home
also provided for sale of said property upon the
plaintiff wife's remarriage, with the additional pro-
vision that from the sale she was to receive $2,560,
and that the defendant husband was to receive the
balance of the net proceeds from the sale.   The
plaintiff did remarry.   The plaintiff claimed the de-
fendant refused to cooperate in the sale of the home
and petitioned to amend the judgment of divorce

to grant her authority to proceed with a sale and to transfer the property to plaintiff subject to a lien in favor of defendant for any proceeds from the sale in excess of $2,560. Hearing on this petition was set for July 2, 1965, and a notice and the motion were served on the defendant on June 29, 1965. The defendant filed no answer to said petition and failed to appear for the hearing, and the court adjourned the matter for one week. An order amending the judgment was entered on July 9, 1965, and a copy of it was mailed to the defendant on July 12, 1965.

The judgment of divorce entered on August 9, 1963, provided in part as follows:

"It is further ordered and adjudged that the plaintiff, Rosa L. Harbin, and the minor child of the parties hereto shall have the right to remain in the home of the parties hereto until such time as the said minor child attains age eighteen (18) years or completes her high school education, or until the plaintiff shall remarry, whichever shall occur the sooner, at which time or as soon thereafter as is reasonable, having due regard to the market and other factors, said home shall be sold, and out of the net proceeds the plaintiff, Rosa L. Harbin, shall receive one-half of the present equity of the parties hereby determined to be in the sum of $2,560, and the defendant, Leon Harbin, shall receive the balance of the net proceeds of the sale of said home; provided, however, that plaintiff and/or the minor child of the parties may remain in the home during the period said home shall be listed for sale.

"It is further ordered and adjudged that until the said house shall be sold, the said house * * * shall be held by the parties hereto as tenants in common."

The amended judgment of divorce entered on July 9, 1965, provided in part as follows:

"It is further ordered and adjudged that the said Rosa L. Harbin Austin shall forthwith list said home for sale, and as soon 'as is reasonable', having due regard for the market and other factors, sell said home, and she is hereby granted full authority to execute any and all documents, including purchase and sale agreement and deed to effectuate said sale.

"It is further ordered and adjudged that out of the proceeds of said sale, after payment of realtor's commission and other expenses of sale, the plaintiff, Rosa L. Harbin Austin shall receive the sum of $2,560, and any sum in excess thereof shall be paid to the defendant Lee Harbin."

The property was sold on land contract on June 3, 1966. The total equity obtained after realtor commissions and other expenses of sale was apparently $1,562.49.

On July 25, 1966, the defendant filed a petition to set aside the amended judgment, which was denied by the trial court.

Defendant claims the court had no jurisdiction to amend the property settlement. Plaintiff asserts the defendant is barred by laches and further that the court did have jurisdiction and power to amend the judgment relative to property where the amendment affected only the procedural aspects of the settlement, not the substantive rights of the parties, and merely clarified the sale procedure.

Generally, the property settlement provisions of a divorce decree or judgment may not be set aside, modified, or altered in the absence of fraud, duress, or mutual mistake, or for such causes as any other final decree may be modified. *Keeney* v. *Keeney* (1965), 374 Mich 660, 663. However, if the person ordered to execute a deed or assignment refuses to do so, the court may appoint a suitable person to execute and deliver such instruments. 24 Am Jur 2d,

Divorce and Separation, § 942, p 1076. In the instant case, the judgment provided that when the plaintiff remarried, that the home "shall" be sold. The property was being held in a tenancy in common and the court found that the defendant refused to cooperate in the sale of the property in accordance with the judgment. Under these circumstances, the court was empowered to appoint a suitable person to complete the sale as ordered in the judgment.

The court had jurisdiction and authority to clarify the original judgment by the entry of an amendment which did not alter the substantive rights of the parties, but merely provided for a procedural remedy when the defendant refused to comply with the terms of the original judgment. See *Walker* v. *Walker* (1950), 327 Mich 707.

The Supreme Court of Michigan has held it was proper to construe a decree covering property rights when clarification is required.

"The power of courts to construe a divorce decree and collateral proceedings is not challenged. We have frequently held it proper to construe a decree providing for an adjustment of property rights when the intended disposition requires clarification." *Mitchell* v. *Mitchell* (1943), 307 Mich 366, 370.

In the case before the court, no change was made in the substantive rights of the parties. Both the original judgment and amendment provided that the property be sold and that the appellee receive the first $2,560 and the defendant receive all sums in excess of that amount. The change by means of the amendment was only to facilitate the carrying out of its terms in accordance with the court's intent in the judgment. The action of the trial court in entering the amendment to the original judgment was within the jurisdiction and power of the court and did not alter the substantive rights of the parties.

In addition to the foregoing, the defendant's motion was not filed until more than one year after the entry of the amended judgment of which amendment the defendant had full notice. In the meantime, third parties had purchased the property and had substantially changed their position in reliance on the validity of the amendment to the judgment of divorce. The defendant waited for over one year, being well aware that the property had been listed for sale with a realtor, and after he was well aware that the judgment had been amended to provide that the plaintiff should have the right to execute the documents necessary to transfer the property and effectuate a sale. See *Curtis* v. *Curtis* (1930), 250 Mich 105, and *Cassidy* v. *Cassidy* (1926), 235 Mich 223.

The court will not permit a person to wait until innocent third parties have changed their position in reliance on that person's failure to act and then allow that person to apply to the court for relief.

"The Court may conclude that suit is not maintainable where, pending the complainant's delay in asserting his claim   *   *   *   rights and interests of third persons have come into existence." 27 Am Jur 2d, Equity, § 169, pages 713, 714.

The defendant was clearly guilty of laches for waiting one year from the entry of the order which he now seeks to attack and after the rights of innocent third parties had intervened.

For the foregoing reasons, the order denying the motion to set aside the amendment judgment is affirmed with costs to plaintiff-appellee.

BURNS, P. J., and QUINN, J., concurred.