456 P.2d 403

**Ellen MOORE, Appellant,**

v.

**Robert Lester MOORE, Appellee.**

**No. I CA–CIV 709.**

Court of Appeals of Arizona.

June 30, 1969.

Robert Lester Moore, in June, 1966. On March 24, 1967, an absolute decree of divorce was entered. On May 8, 1967, a petition for "modification" of the decree as to the community property division was filed to settle a dispute over the actual amounts owed monthly. The husband had been allowed to pay his wife in instalments at five percent interest for her share of the community assets not transferred at the time of divorce. The court held the $500 per month payment included the interest. Plaintiff appeals from the "modification."

The facts are as follows. Plaintiff was granted a divorce from defendant on the ground that the parties had lived apart for more than five years. Custody of the daughter was given to the plaintiff, and custody of the son was given to the defendant. The community property was divided equally with the defendant to pay plaintiff monthly $500 payments at five percent interest for her share of the community property still in his control. The decree stated defendant was to pay plaintiff:

"* * * $500.00 or more per month commencing on the 1st day of April, 1967, and a like payment on the 1st day of each and every month thereafter until paid; that the sum of $51,767.00 shall be paid with interest on the unpaid balance at the rate of 5 per cent per annum, all payments to be made through the Clerk of the Superior Court of Maricopa County. * * *"

The parties came to disagree on whether the five percent interest was included in the $500 monthly payment, or was to be paid in addition. On a petition to "modify", the court amended the judgment to read:

Lewis Roca Beauchamp & Linton, by John J. Flynn and James Moeller, Phoenix, for appellant.

James E. Flynn, Phoenix, for appellee.

KRUCKER, Judge.

Plaintiff-appellant, Ellen Moore, filed suit for divorce against defendant-appellee,

"[the] $500.00 per month which shall include interest at 5% per annum on the unpaid balance commencing on the 1st day of April, 1967, and a like payment on the 1st day of each and every month thereafter until paid, all payments to be made through the Clerk of the Superior Court of Maricopa County. * * *"

Plaintiff appeals this "modification."

Two issues are raised by the appeal:

(1) Does the original decree require the payment of $500 principal plus accrued interest?

(2) Did the trial court have jurisdiction to modify the provisions of the original decree that the $500 monthly payment included interest?

Did the payment include interest?

On March 8, 1967, the minute entry of the final divorce decree was entered with the following provision:

"The [balance owed] shall be paid by defendant to plaintiff as follows: *$500.-00 per month with interest* on the unpaid balance at the rate of *5% per annum*." (Emphasis supplied)

The formal decree, signed March 24, 1967, reads:

"The [*balance owed*] *shall be paid with interest* on the unpaid balance at the rate of 5 per cent per annum." (Emphasis supplied)

Plaintiff contends the minute entry clearly reflects the court's intention to award $500 with interest in addition.

At the hearing on modification, the same judge who had heard the divorce proceedings was asked to "modify" the decree as to the interest payments. The minute entry of the amended decree reflects that the court took judicial notice that Mrs. Moore's life span was approximately 19.71 years. If the $500 payment were construed to all go toward the unpaid balance, the total amount owing would be paid up in approximately eleven years. If the interest were taken from the $500 payment, it would be paid off in approximately 19 years. The judge's determination that Mrs. Moore was entitled to receive her money in her lifetime and that the original decree had so intended was a valid interpretation within the language of the decree.

Plaintiff also contends there was no jurisdiction to "modify" the property division.

The general rule, with which Arizona is in accord, is that a statute such as A.R.S. § 25–321 does not confer jurisdiction to modify judgments as to the division of community property. Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P.2d 578 (1967); Berman v. Thomas, 41 Ariz. 457, 19 P.2d 685 (1933); 24 Am.Jur.2d Divorce and Separation § 946; 27B C.J.S. Divorce § 300(2)c.

However, the authors also state it is the general rule that:

"* * * the court may construe and clarify a decree in case of uncertainty, in order to sustain rather than defeat it." 24 Am.Jur.2d Divorce and Separation § 941.

27B C.J.S. Divorce § 300(4)d.

Thus, in Westgate v. Westgate, 291 Mich. 18, 288 N.W. 860 (1939), the court was allowed to amend a divorce decree as to the responsibility to pay a mortgage. The decree didn't show whether the mortgage carried interest, and the court amended the decree to put in a provision for interest payment. *See also*, Ballas v. Ballas, 217 Cal.App.2d 129, 31 Cal.Rptr. 584 (1963); Paxton v. McDonald, 72 Ariz. 378, 236 P.2d 364 (1951).

In the instant case, the parties came to disagreement over whether the $500 per month included the five percent interest or whether the interest was to be added on to the $500.

We believe the amended decree was appropriate in light of the circumstances of the case and within the court's jurisdiction. It did no more than construe the decree; it did not modify it.

Judgment affirmed.

MOLLOY and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.