No. 12515

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

HELEN KOTTAS,

Plaintiff and Appellant,

-vs-

LEO J. KOTTAS,

Defendant and Respondent.

---

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Harris, Jackson and Utick, Helena, Montana
Vernon Harris argued and J. R. Wine, Jr. argued,
Helena, Montana

For Respondent:

Leo J. Kottas, Sr. argued, Helena, Montana
Alfred Dougherty argued, Helena, Montana

---

Submitted: November 27, 1973

Decided: FEB -1 1974

Filed: FEB -1 1974

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the denial of a motion to dismiss or in the alternative for a change of place of trial entered in the district court of the fifth judicial district, Jefferson County.

Defendant, Leo J. Kottas, hereinafter referred to as Leo, filed a petition for order to show cause and for declaratory relief in the form of declaratory decree or declaratory supplemental decree, and for other appropriate relief in the district court, Jefferson County, on March 9, 1973, praying for an order to show cause directed to plaintiff, Helen Kottas (McCluskey), hereinafter referred to as Helen, ordering her to appear before the court and to show cause, if any, why the relief prayed for should not be granted.

Helen filed a motion to dismiss for lack of jurisdiction over the person and subject matter, or in the alternative, for change of place of trial. Hearing was held on April 13, 1973, before the Hon. Frank E. Blair. Subsequently Judge Blair denied Helen's motion and she now appeals.

The parties were married in 1943. On April 6, 1966, a decree of divorce was granted to Helen by the district court of the fifth judicial district. That decree incorporated by reference a property settlement entered into between the parties and which in pertinent part provided:

> "2. * * * and Lots Four(4), Five (5), Six (6), Seven (7) and Eight (8) of Block Seventeen (17) of the C. W. Cannon Addition to the City of Helena, Montana, shall be the property of first party and second party in equal shares, and each of the parties agrees that he or she will not sell or encumber his or her share in any of said property without the consent and agreement of the other, and upon a sale of any of said property by agreement, the net proceeds therefrom shall be divided equally between parties. That the tax assessment shall be divided and each to receive his or her tax notices and each to pay any taxes or assessments made on such interest."

On June 10, 1968, Helen quitclaimed her share of the property to Leo, so that he could sell the property. He did so in July 1968, and remitted $12,360.25 to Helen as her one-half share after deducting expenses of the sale. Helen alleges in August 1972, she discovered the sale price of the property was some $53,000. She demanded $26,500, less her proportionate share of the sale expenses, from Leo as her share of the proceeds. Negotiations ensued, proved fruitless, and on February 23, 1973, Helen's attorney informed Leo's attorney by letter that a complaint to recover the alleged deficiency would be filed on March 15, 1973, unless a satisfactory accord was reached prior to that date.

On March 9, 1973, Leo filed the heretofore mentioned petition in the district court of Jefferson County. In that petition Leo alleged, among other things, that at the time the property settlement was negotiated it was understood by the parties that the term "net proceeds" as used in paragraph two of the property settlement meant the gross sale price less proper expenses of sale and, in addition, less his investment in the property, that is to say, what he paid for it. It was on this basis that he paid $12,360.25 to Helen.

On the same day, March 9, 1973, the district court issued an order to show cause directed to Helen, ordering her to appear on April 13, 1973. On March 12, 1973, Helen's attorney filed a complaint against Leo in the first judicial district, Lewis and Clark County. Basically she alleged that the term "net proceeds" as used in the property settlement meant the gross sale price less any proper expenses of the sale, hence her share of the sale price should have been $26,500, less one-half of the sale expenses.

In her appeal Helen characterizes the issue as a jurisdictional one. She reasons that the failure to pay over her alleged share of the proceeds of the sale sounded in either tort or contract and jurisdiction properly belongs in the first judicial district. We do not agree.

We base our holding on the distinction between actual modification of a judgment and clarification or interpretation of a judgment. This Court in State ex rel. Kruletz v. District Court, 110 Mont. 36, 41, 98 P.2d 883, said:

"The test is whether on the one hand the change will make the record speak the truth as to what was actually determined or done, or intended to be determined or done by the court, or whether, on the other hand, it will alter such action or intended action."

See also: State ex rel. Vaughn v. District Court, 111 Mont. 552, 111 P.2d 810; Morse v. Morse, 116 Mont. 504, 154 P.2d 982; State ex rel. Truax v. Town of Lima, 121 Mont. 152, 193 P.2d 1008.

The above cited cases deal with the types of error now taken care of by Rule 60, M.R.Civ.P., such as the entry of a wrong date, or failure to include a party in an order.

The instant case does not present such a clear cut case of scrivner's error, or inadvertent omission; nevertheless we think the problem is of such a nature that the court rendering the decree should take jurisdiction to resolve the issue. Such a resolution will not change the rights of the parties as set forth in the original decree, rather it will be a further declaration and amplification of what was originally held.

In 27B C.J.S., Divorce, § 300(4)(a), it is said:

"The interpretation or clarification of an ambiguous judgment does not involve amendment thereof, so that even though power to modify is lacking, a court may construe and clarify a decree disposing of property, or enforce it."

That application is exactly what is called for in the instant case. Murphy v. Murphy, 64 Nev. 440, 183 P.2d 632; Grenz v. Grenz, 78 Nev. 394, 374 P.2d 891; Stieler v. Stieler, 244 Minn. 312, 70 N.W.2d 127; Palmi v. Palmi, 273 Minn. 97, 140 N.W.2d 77; Mitchell v. Mitchell, 307 Mich. 366, 11 N.W.2d 922; Walker v. Walker, 327 Mich. 707, 42 N.W.2d 790; Harbin v. Harbin, 12 Mich. App. 320, 162 N.W.2d 822.

Therefore, the district court of the fifth judicial district properly took jurisdiction to clarify the ambiguity in the property settlement incorporated by reference into the divorce decree.

Judge Blair's order of denial is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.