No. 13200

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

LINDA J. LaPLANT,

Plaintiff and Respondent,

-vs-

DONALD L. LaPLANT,

Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

McKinley Anderson argued, Bozeman, Montana

For Respondent:

Hartelius and Lewin, Great Falls, Montana
Alan Jay Lerner argued, Great Falls, Montana

---

Submitted: April 19, 1976

Decided: JUN 2 8

Filed: JUN 2

Thomas J. Kearney
Clerk

Honorable Arnold Olsen, District Judge, sitting in place of Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court.

Plaintiff Linda J. LaPlant filed an action for divorce against defendant Donald L. LaPlant. The district court dissolved the bonds of matrimony between the parties. The district court also decreed plaintiff had made monetary and other contributions to the marriage and helped to acquire the real and personal property owned by the parties. The district court decreed to plaintiff some personal property, including the mobile home of the parties and ten acres of real property upon which the mobile home was situated. From the decree, defendant Donald L. LaPlant appeals only as to that portion of the decree awarding plaintiff the real property.

Defendant alleges the court abused its discretion in awarding one fourth of defendant's real property acquired by him before the marriage to plaintiff. Further, he challenges that the decree does not provide a sufficient description of the property required to be conveyed by plaintiff to defendant and does not provide as to how the parties shall pro rate the payments of indebtedness against the real property, and the decree is therefore so indefinite as to be void.

We look to the findings of fact and conclusions of law of the district court. It is clear the court did find that "while living with the plaintiff, but prior to their marriage the husband purchased in his own name certain real property consisting of forty acres, more or less, located in Gallatin County, Montana." Further the court found plaintiff and defendant were living together as husband and wife during the years of 1970 and 1971 in Alaska. That immediately following their marriage in 1971, plaintiff and defendant set up a joint account out of which all household bills were paid, and during

the years 1972, 1973, and 1974, plaintiff earned a total of $6,513 which was deposited into the parties' joint account and used for the payment of various household bills. Further, the court found plaintiff had an income before their marriage and while living together in Alaska, her income was used for the payment of the domestic bills accrued by the parties there. The parties made joint tax returns and received tax refunds jointly.

The findings of fact and conclusions of law of the district court are upheld by a reading of the transcript.

In Libra v. Libra, 157 Mont. 252, 258, 484 P.2d 748, this Court held:

> " * * * a district court in a divorce action has equitable powers to adjust property interests of the parties, and in so doing we affirm Johnson and overrule Emery on this point. * * *"

Since Libra, this Court has repeatedly confirmed the power of the district court in dealing with adjustment of property rights between the parties in a divorce action.

In Cook v. Cook, 159 Mont. 98, 102, 495 P.2d 591, this Court stated:

> "Libra and Hodgson should have laid to rest the husband's argument on appeal here. It has already been at least twice decided in this State that the trial court may make an equitable division of the litigants' property in a divorce action regardless of the state of title to that property and regardless of actual financial contribution." (Emphasis added.)

Counsel for defendant seems to contend there is some requirement that the property of the divorced parties must have been acquired jointly, failing that, the court has no jurisdiction or is powerless to divide the property between the litigants.

The rule is best stated in Hunnewell v. Hunnewell, 160 Mont. 125, 129, 500 P.2d 1198:

> "It is a well established principle of law in this state that in determining a property settlement pursuant to the granting of a divorce, the

court will consider the contributions made by
the parties in acquiring the property in
question."

From the record, it would appear plaintiff and defendant sustained a common law marriage at the time defendant first incurred the obligation for the land at issue here. Indeed, the district court found that plaintiff and defendant lived together during the years 1970 and 1971 as husband and wife in Alaska.

The property involved was acquired during the marriage.

Plaintiff contributed to the acquisition of the land by wages deposited in the joint account and in her efforts in taking care of the real estate when defendant was in Alaska to earn the money which was used to pay for the land.

Clearly, the district court did not abuse its discretion in awarding only one fourth of the real estate and a small portion of the personal property to plaintiff. This award was not out of proportion to her contribution in money and labor to the property acquired by the efforts of the marriage.

In Johnson v. Johnson, 137 Mont. 11, 17, 349 P.2d 310, this Court stated:

" * * * (t)he better reasoned cases support the
view stated in 27B C.J.S., Divorce, section 294(3),
page 280, as follows:

"'In some jurisdictions the court granting divorce
may divide or adjust rights in property accumu-
lated by the joint efforts of the spouses. Proper-
ty acquired jointly during the marriage may be
divided whether the title thereto is in either or
both of the parties.'

"And, equal division under normal conditions of
property accumulated through joint efforts is not
regarded as unreasonable. 27B C.J.S., Divorce,
section 295(5), page 304, et seq." (Emphasis added.)

The findings of fact and judgment do not describe the real property by metes and bounds. However, the ten acres granted plaintiff by the court are those ten acres upon which

- 4 -

the Nashua mobile home is located. There is nothing in the law that requires a metes and bounds description of land in the decree. Certainly no other ten acres would fit the description.

In Kottas v. Kottas, 164 Mont. 30, 32, 518 P.2d 1404, this Court held the district court had jurisdiction to clarify the decree of divorce and to make it read what the court intended judgment to be:

> "We base our holding on the distinction between actual modification of a judgment and clarification or interpretation of a judgment. This Court in State ex rel. Kruletz v. District Court, 110 Mont. 36, 41, 98 P.2d 883, 885, said:
>
> "'The test is whether on the one hand the change will make the record speak the truth as to what was actually determined or done or intended to be determined or done by the court, or whether on the other hand, it will alter such action or intended action.'
>
> "The instant case does not present such a clear cut case of scrivner's error, or inadvertent ommission; nevertheless, we think the problem is of such a nature that the court rendering the decree should take jurisdiction to resolve the issue. Such a resolution will not change the rights of the parties as set forth in the original decree, rather it will be a further declaration and amplification of what was originally held.
>
> "In 27B C.J.S., Divorce, § 300(4a), it is said:
>
> "'The interpretation or clarification of an ambiguous judgment does not involve amendment thereof, so that even though power to modify is lacking, a court may construe and clarify a decree disposing of property, or enforce it.'
>
> "That application is exactly what is called for in the instant case." (Emphasis added.)

In the instant case the district court obviously, from the findings of fact and conclusions of law, knew the ten acres granted plaintiff was that ten acres upon which the mobile home is located.

In this instance, the parties should request the district court to supervise the direction to the parties to obtain a metes

and bounds description by survey of the property conveyed.

The judgment of the district court refused to burden plaintiff with a portion of the debt against the land. Consequently, the entire remaining debt remains with the defendant who received seventy-five percent of the real estate.

Again, it is obvious the district court did not abuse its discretion, such an adjustment is not unreasonable.

The judgment and decree of the district court is affirmed, with directions to specifically require a metes and bounds description in a deed conveying the real property herein from defendant to plaintiff.

_Arnold Olsen_

Hon. Arnold Olsen, District Judge,
sitting in place of Mr. Chief Justice
James T. Harrison.

We concur:

_Wesley Castles_

_John Conway Harrison_

_Gene B Daly_

_Frank I. Haswell_

Justices