21321

Patricia S. CANNON, Respondent, v. Howard R. CANNON, Appellant.
(272 S. E. (2d) 179)

*W. Paul Culbertson,* Laurens, *for appellant.*

*C. Rauch Wise,* Greenwood, *for respondent.*

November 17, 1980.

*Per Curiam:*

This appeal is from an order equitably dividing certain items of personal property between appellant, Howard R. Cannon, and respondent, Patricia S. Cannon. We affirm.

On June 1, 1978, respondent moved from the marital home, taking with her a portion of the personal property. Shortly thereafter, she commenced an action seeking an equitable distribution of all the personalty owned by the par-

ties. The family court issued an order dated November 15, 1978, which provided in relevant part:

. . . Patricia S. Cannon shall be entitled to one-half of the silver and china. . . . The petitioner shall further be entitled to the several items of personal property which belong to her exclusively. These items to be obtained by the petitioner at her convenience.

This order was not appealed.

In July, 1979, respondent was granted a divorce *a vinculo matrimonii.*

On October 17, 1979, respondent petitioned the family court for an order requiring appellant to show cause why he should not be held in contempt for refusing to allow respondent to obtain the items of personal property provided in the order of November 15, 1978. Following a hearing the lower court issued an order dated December 6, 1979 wherein it found there was some basis for misunderstanding between the parties due to the fact that the previous order [order of November 15, 1978] was not explicit enough to be enforced." Consequently, the court refused to issue a contempt citation and specified in the order which items of personal property belonged to each party.

Appellant now contends the family court was without jurisdiction to "modify" the equitable division order of November 15, 1978.

Appellant's entire argument depends upon characterizing the December 6, 1979 order as a modification of the original order. It is clear from the record that the order of December 6 and the petition from which it arose were merely a means of obtaining enforcement, rather than modication, of the original decree. That a court has the power to enforce its orders through a contempt citation cannot be disputed. Moreover, a court generally has the authority to construe and clarify a decree in case of uncer-

tainty, in order to sustain rather than defeat it. 24 Am. Jur. (2d) *Divorce and Separation* § 941. *See also, Stanaland v. Jamison,* S. C., 268 S. E. (2d) 578 (1980) (court has the power to construe ambiguous terms of incorporated property settlement agreements) ; *Ballas v. Ballas,* 217 Cal. App. (2d) 129, 31 Cal. Rptr. 584 (1963) (court clarified decree reference to "community bank accounts" by specifying particular bank accounts) *Moore v. Moore,* 10 Ariz. App. 83, 456 P. (2d) 403 (1969) (court determined whether husband's monthly payments to wife for community property also included interest payments due the wife).

In the instant case, the parties disagreed over which items of personal property belonged "exclusively" to respondent.

We believe the amended order was within the family court's jurisdiction and appropriate in light of the circumstances of the case. It did no more than construe the ambiguous order of November 15, 1978; it did not modify the rights of either party. Such action was perfectly consistent with the court's power to enforce its orders.

Other issues raised by appellant have been considered and are disposed of under Rule 23.

Affirmed.