Linda K. WASTVEDT, Plaintiff
and Appellee,

v.

Robert WASTVEDT, Defendant
and Appellant.

Civ. No. 10893.

Supreme Court of North Dakota.

July 11, 1985.

Richard A. McKennett [argued], of Rolfstad, Winkjer, McKennett, Kaiser & Stenehjem, Williston, for defendant and appellant.

Cathy Howe Schmitz [argued], of Rustad & Schmitz, Williston, for plaintiff and appellee.

GIERKE, Justice.

Robert Wastvedt appeals from a judgment issued by the District Court of Williams County dated August 30, 1984, which ordered the continuation of mortgage payments to Linda K. Wastvedt. We affirm.

The mortgage payments were being made pursuant to a stipulation between the parties which was incorporated into their divorce judgment dated November 14, 1980. The pertinent provision of the divorce judgment states:

"V.

"That with regard to the residence now occupied by the plaintiff and the minor children in the City of Williston, the legal description of which is Lot 32 in Block 4 of College Hill Addition to the City of Williston, Williams County, North Dakota, the street address of which is 1720 Fourth Ave. East, Williston, North Dakota, the plaintiff shall be the sole and exclusive owner of said property; that the defendant shall pay the existing mortgage upon the premises, the present amount of which is approximately $44,-259.91. That said sum shall be paid in full by the defendant. The monthly payments on the mortgage include both the insurance and the taxes; that the defendant shall pay the insurance, taxes, the principal sum and the interest until said mortgage on the residence is paid in full and the premises clear of the existing mortgage."

As the above provision states, the parties' property was distributed so that Linda received the residence in Williston. Robert had the option of making mortgage payments of $485 per month on the residence or paying $44,200 to Linda in a lump sum. No provision was made for the mortgage payments to cease in the event that the residence was sold, nor was there a prohibition against Linda's selling the residence.

At the time of the divorce, Robert taught fulltime at the University of North Dakota, Williston Center; farmed; and also engaged in two business ventures called "Crane Electronics" and "West Acres Mud Company". Linda was employed outside the home at Conlin's and was engaged in a business venture of her own. The parties have two minor children.

In August of 1984, Linda prepared to sell the residence and move to Colorado. Prior to the sale, she petitioned the district court for a "clarification" of the court's 1980 judgment as it pertained to the defendant's obligation to pay off the mortgage. The court ordered Robert to continue making payments to her, but reduced the amount to $364 per month, representing principal and interest only. Robert contends that the court's action amounts to a modification of the parties' original property division and that that is prohibited by statutory law and case law in North Dakota. The questions for this court are:

1. Whether the trial court's action is a modification of property division, and

2. If it is not a modification, whether the trial court's action was proper.

## I.

It is well settled in North Dakota that the final distribution of property which has been decreed by a court is not modifiable other than in the same manner and on the same grounds as other judgments. § 14–05–24, N.D.C.C.; *Wikstrom v. Wikstrom*, 359 N.W.2d 821, 823 (N.D.1984); *Harwood v. Harwood*, 283 N.W.2d 144, 146 (N.D.1979); *Nastrom v. Nastrom*, 262 N.W.2d 487, 490 (N.D.1978); *Sabot v. Sabot*, 187 N.W.2d 59, 62 (N.D.1971); *Dietz v. Dietz*, 65 N.W.2d 470, 474 (N.D.1954); *Sinkler v. Sinkler*, 49 N.D. 1144, 194 N.W. 817, 820 (1923). We agree with Robert's contention that the awarding of the Williston residence to Linda is a distribution of property. We do not agree, however, with Robert's assertion that the court's subsequent action amounted to a modification of the original divorce judgment.

As the recitation of facts indicates, Linda petitioned the court for a "Clarification of Court's Order", which referred to the judgment dated November 14, 1980. The November 14 judgment provided for the payment of insurance, taxes, principal, and interest. In response to Linda's motion, the court issued an Order for Clarification and Order for Judgment, directing that Robert continue to make payments to Linda pursuant to the original judgment. The court, however, ordered the reduction of payments from $485 per month to $364 per month, "which represents the principal computed with annual interest at 9 percent".

Under certain circumstances a property division may be clarified as opposed to being modified. 24 Am.Jur.2d, *Divorce & Separation* § 959; 27B C.J.S. *Divorce* § 300(4)a. A number of States draw a distinction between a modification of a judgment and a clarification of a judgment. *Harbin v. Harbin*, 12 Mich.App. 320, 162 N.W.2d 822, 824–825 (1968); *LaPlant v. LaPlant*, 170 Mont. 155, 551 P.2d 1014, 1016 (1976); *Stieler v. Stieler*, 244 Minn. 312, 70 N.W.2d 127, 131 (1955).

Case law cited above indicates that action taken by a court which subsequently defines the obligations of the parties is permissible if the substantive rights remain unchanged. *Harbin*, 162 N.W.2d at 825. For instance, accelerating payments not due for years to come is an example of a substantive change in the rights of parties according to the court in *Boucher v. Boucher*, 34 Mich.App. 213, 191 N.W.2d 85, 89 (1971).

*Walker v. Walker*, 327 Mich. 707, 42 N.W.2d 790 (1950), sets forth an example of clarification of a divorce judgment. In *Walker*, the plaintiff refused to join in the execution of deeds to certain land held under contract. The defendant purchased the contracts which had been assigned to the defendant and the plaintiff jointly. The contracts were listed as part of the defendant's assets, but were not mentioned in the divorce judgment. The trial court ordered that the plaintiff execute the deeds to the defendant and the order was upheld on appeal. *Walker*, 42 N.W.2d at 793.

The court in *Walker, supra*, analogized the case to the circumstances in *Mitchell v. Mitchell*, 307 Mich. 366, 11 N.W.2d 922 (1943), which involved the award of the use of a summer cottage to the plaintiff wife. The cottage was located on leased land. The plaintiff sought relief when the defendant attempted to remove the cottage from the premises. The court in *Mitchell* issued an order restraining the defendant from interfering with the plaintiff's use of the cottage and the defendant appealed, asserting that the order constituted an amendment of the original divorce decree. On appeal, the Supreme Court of Michigan held that the case called for a clarification of the divorce decree as to the intended disposition of the summer cottage. *Mitchell*, 11 N.W.2d at 923. *See also Greene v. Greene*, 357 Mich. 196, 98 N.W.2d 519 (1959).

In *Moore v. Moore*, 10 Ariz.App. 83, 456 P.2d 403, 405 (1969), the original decree was ambiguous as to whether the $500

court-ordered payment included interest or whether interest was to be paid in addition to the $500. The court's subsequent clarification of the provision was deemed proper. *Moore,* 456 P.2d at 404–405.

■ We conclude that the circumstances of the instant case call for a clarification of the original judgment. As the district court stated, the original divorce judgment created in Robert an obligation to pay the mortgage on the Williston residence. Robert's obligation remains in force despite Linda's sale of the residence. The judgment did not prohibit Linda from selling the residence, nor did it provide for the release of Robert's obligation to Linda in the event of sale.

■ The objective of a property division is to make an equitable distribution of the parties' property. *Lentz v. Lentz,* 353 N.W.2d 742, 743 (N.D.1984). At the time of the divorce, Robert was awarded a significant portion of the income-producing property. The provisions of the judgment indicate that Linda would receive the residence free and clear of the mortgage. If Robert were allowed to cease making payments to Linda, it would result in an inequity. On one hand, Robert argues against modification, yet he asserts that he should be released from his duty to pay off the mortgage. A release from his duty to pay would, however, constitute a modification of the original judgment. Robert is bound to continue satisfying the obligation which was created under the original judgment.

■ The court's action in ordering the continuation of payments does not amount to a modification of the original judgment. We determine that the court's action constitutes a clarification only. As such, it was permissible for the court to order the continuation of mortgage payments.

## II.

■ Robert argues that even if the district court has authority to clarify the judgment, it abused its discretion by ordering the payment of interest along with the principal amount. He argues that because Linda voluntarily paid off the mortgage with the proceeds of the sale, he is no longer obligated to pay interest on the balance due. We disagree with his contention. Robert has suffered no detriment. He has actually benefited from the court's clarification of the judgment. The original judgment provided that Robert pay the "insurance, taxes, the principal sum and the interest". The transcript of proceedings on Linda's motion reveals that she was willing to accept a reduction in the payments. The court ordered that Robert was no longer obligated to pay the insurance and taxes. Therefore, his payments were reduced from $485 per month to $364 per month. The fact that he is still required to pay interest does not alter his substantive rights under the divorce decree. *See Harbin,* 162 N.W.2d at 825. Robert could have paid off the balance in one lump sum, and, by doing so, he would have avoided paying interest. We assume that he still has that option of paying the balance in one lump sum. The district court made no error in ordering Robert to pay principal and interest in satisfaction of the balance due Linda.

For the foregoing reasons, the district court's decision is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, Justice concurring specially.

While I concur in the result, I do not agree with the rationale expressed in the majority opinion. What we really do in a case like this is carve an exception to our judge-made rule proscribing modification of property division judgments. By calling it "clarification," rather than "modification," we attempt to finesse the issue but it is a losing finesse because we end up analyzing and refining the non-issue of "clarification."

I believe that our statute on the subject, § 14–05–24, clearly authorizes modification of property division. *See Nastrom v. Nastrom,* 262 N.W.2d 487 (N.D.1978) (Vogel, J., concurring and dissenting); *Becker v. Becker,* 262 N.W.2d 478 (N.D.1978) (Vogel,

J., dissenting). However, because there is a strong policy to encourage and promote finality of judgments and certainty of title, our case law, as cited in the majority opinion, has facilitated implementation of this policy by prohibiting modification of property division judgments. We would be wise to acknowledge not only our judge-made rule, but also any judge-made exceptions to that rule, such as the one enunciated in this case. We should recognize that we are simply labeling the court's power to modify property division in exceptional circumstances, as "clarification."