THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ernest Bartlett Altman, Respondent,
 v.
 Vicky Griffith f/k/a Vicky Garner, Appellant.
 
 
 

Appeal From Charleston County
 Stephen S. Bartlett, Family Court Judge

Unpublished Opinion No. 2007-UP-130
Submitted March 1, 2007  Filed March 23, 2007

AFFIRMED

 
 
 
 Donald Bruce Clark, and Robert N. Rosen, both of Charleston and Lawrence E. Richter, Jr., of Mt. Pleasant, for Appellant.
 John Graham Altman, III, of Hanahan, for Respondent.
 
 
 

PER CURIAM:  Vicky Griffith (Griffith) appeals the family courts decision that it lacked jurisdiction to hear her motion asking the court to construe and enforce its final custody order regarding reasonable telephone contact.  We affirm.
FACTS
Griffith and Bart Altman (Altman) never married, but they have a son, born May 27, 1999.  On December 6, 2004, Altman was awarded custody of their son, and the court issued an order providing a visitation schedule.  Part of the order provided that [b]oth parents shall have reasonable and at all times private telephone contact with the child . . . .  
On March 13, 2006, Griffith filed a motion asking the court to define specific times for telephone communication between herself and the child.  Griffith also sought attorneys fees related to the motion.  Griffith submitted affidavits in support of her motion, and Altman submitted an affidavit in response to the motion.  
On May 1, 2006, the court held a hearing on Griffiths motion.  After hearing arguments from both sides, the court dismissed the motion due to a lack of subject matter jurisdiction.  On June 21, 2006, Griffith timely filed a motion for reconsideration and requested the court alter or amend the judgment pursuant to Rule 59 (e), SCRCP.  The court denied the motion.  This appeal follows.  
LAW/ANALYSIS
Griffith argues the family court erred in refusing to construe and enforce its final order that granted Griffith reasonable telephone contact with her child.  We disagree.
The pivotal issue before this Court is whether the relief Griffith sought in her motion is either a clarification of the Final Order or a modification of the Final Order.  In construing or clarifying an ambiguous order, the determinative factor is to ascertain the intent of the judge who wrote the order.  Eddins v. Eddins, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct. App. 1991).  On the other hand, to modify a final order, the party seeking modification must show a substantial or material change of circumstances.  Sharps v. Sharps, 342 S.C. 71, 76, 535 S.E.2d 913, 916 (2000).  
Griffith requested that the family court define specific times for telephone communication between the child and the parents.  Griffith contends the use of the term reasonable is ambiguous and should be defined by this Court. 
Griffith cites Cannon v. Cannon, 275 S.C. 424, 272 S.E.2d 179 (1980) to support her argument that the Final Order should be construed and specific telephone contact should be defined.  In Cannon, the Mrs. Cannon requested an order requiring Mr. Cannon to show cause why he should not be held in contempt for refusing to allow her to obtain items of personal property as provided for in the Final Order.  After a contempt hearing, the family court found there was some basis for misunderstanding between the parties due to the fact that the previous order was not explicit enough to be enforced.  Consequently, the family court refused to find Mr. Cannon in contempt; instead it specified which items of personal property belonged to each party.  Cannon, at 425, 272 S.E.2d at 179.  
The case at bar differs from Cannon in both its procedural posture and in the effect that defining the alleged ambiguous term will have on the parties.  Unlike Cannon, Griffith has not brought an action in contempt, rather she has brought a motion to define the term reasonable.  Also, whereas the ruling in Cannon specified the items referred to in the Final Order, Griffiths request would put a burden on each parent by mandating that each rearrange their lives around a precise telephone visitation schedule.
In this case, the family court correctly found that imposing a telephone contact schedule would have a significant impact on the childs daily routine as well as each parents daily routine.  This impact would constitute a material change.  Griffith did not file a motion for modification of the Final Order and did not allege a substantial or material change in circumstances.  Therefore, we find no error in the family courts dismissal of Griffiths action.  In light of our disposition of the case, it is not necessary to address Griffiths remaining issues.  Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518, S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when disposition of prior issue is dispositive).  
Accordingly, the family courts decision is
AFFIRMED.[1]
HUFF, BEATTY, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.