**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Kevin M. Stoffell, Appellant,

v.

Christy M. Stoffell, Respondent.

Appellate Case No. 2013-001189

―――――――――

Appeal from Richland County
The Honorable W. Thomas Sprott, Jr.,
Family Court Judge

―――――――――

Memorandum Opinion No. 2014-MO-028
Heard June 10, 2014 – Filed July 9, 2014

―――――――――

**AFFIRMED**

―――――――――

Reynolds H. Blankenship, Jr., and H. Clayton Walker, Jr., both of Walker & Reibold, LLC, of Columbia, for Appellant.

Charles D. Lee, III, of McLaren & Lee, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** The appellant challenges a family court order finding him in contempt for failing to pay respondent a specified portion of his entire military

retirement benefit and for deducting his disability pay from his retirement benefit. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Interpreting the Agreement: *Lee v. Univ. of S.C.*, 407 S.C. 512, —, 757 S.E.2d 394, 397 (2014) ("If [a contract's] language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required . . . ."); *Steffenson v. Olsen*, 360 S.C. 318, 321–22, 600 S.E.2d 129, 131 (Ct. App. 2004) (holding when presented with contractual language equivalent to that here: "The provision in question clearly requires Husband to pay Wife 15 percent of his entire retirement benefits he receives upon retirement. . . . Had the parties intended to limit the award to those benefits accrued during the marriage, they could have so provided, and it is not for the trial court or this court to change the terms the parties agreed upon.").

2. Jurisdiction: *Moseley v. Mosier*, 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983) ("In all [divorce] decrees . . . [the parties] may agree to any terms they wish as long as the court deems the contract to have been entered fairly, voluntarily, and reasonably.").

3. Disability Pay: *Lee*, 407 S.C. at —, 757 S.E.2d at 397 ("If [a contract's] language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required . . . .").

4. Contempt: *Brandt v. Gooding*, 368 S.C. 618, 627, 630 S.E.2d 259, 263 (2006) (holding that a trial court's finding of contempt "should be reversed only if it is without evidentiary support or the trial judge has abused his discretion"); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82–83, 370 S.E.2d 872, 874 (1988) (holding an act is willful for purposes of contempt if "'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law" (quoting Black's Law Dictionary 1434 (5th ed. 1979))); *Moseley*, 279 S.C. at 351, 306 S.E.2d at 626 ("Contempt results from the willful disobedience of a court's order.").

5. Conditions Imposed by the Family Court: *Cannon v. Cannon*, 275 S.C. 424, 425, 272 S.E.2d 179, 179–80 (1980) ("That a court has the power to enforce its orders through a contempt citation cannot be disputed.").

6. Attorney's Fees: *Patel v. Patel*, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004) ("An award of attorney's fees rests within the sound discretion of the trial judge and should not be disturbed on appeal unless there is an abuse of discretion."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living.").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**